UNITED STATES v. FIRST NAT. BANK OF COFFEYVILLE.

(Circuit Court, D. Kansas, Third Division. August 13, 1897.)

1. BILLS AND NOTES—PENSION CERTIFICATE.
    A pension certificate or check drawn to the order of a person then deceased is absolutely void.

2. BANKS AND BANKING—PAYMENT OF VOID PENSION CHECK.
    A pension check was drawn, in the regular course of business, and without knowledge of the facts, to the order of a deceased person. The individual who received it forged the payee's signature on the back, and presented it to the defendant bank, from which it passed, for collection, through two other banks, which in turn, after collection, remitted the proceeds until they reached the defendant, which paid them over to the alleged owner. From the time when the government subsequently discovered the facts, one of the intermediate banks was in voluntary liquidation, and the other was insolvent, and its assets were in the hands of a receiver, and the alleged owner of the note was insolvent. *Held*, that the defendant was liable to the government for the reimbursement of the amount collected, and that the government was not chargeable with laches.

W. C. Perry, for the United States.
J. D. McCue, for defendant.

WILLIAMS, District Judge. It appears by the statement of facts in this case that one Mary L. Beard was an applicant for pension; that her application was duly considered by the pension commissioner, and in due course of time the pension was allowed her, and the United States pension agent at Topeka, Kan., issued a certificate to her,

as the mother of Calvin L. Beard, a soldier in Company C of the 7th
Illinois cavalry. The said pension certificate was issued on April
12, 1893, payable to the order of Mary L. Beard, in the sum of $1,-
364.40. The certificate or check was inclosed in an envelope ad-
dressed to Mary L. Beard, and deposited in the mails at Topeka,
Kan. It seems further from the agreed statement of facts that the
said Mary L. Beard died prior to the issuance of said check, to wit,
on January 7, 1893; and the letter containing the check came into
the possession of E. A. Beard, her grandson, who forged or caused
to be forged the signature of said Mary L. Beard on the back of said
check, indorsed it himself, and on the 13th day of April, 1893, he
presented the said check to the officers of the defendant bank, and
represented to them that he was the holder of said check, and that
the signature of the said Mary L. Beard indorsed thereon was genu-
ine. At that time the said E. A. Beard was unknown to any of the
officers of the bank, and he was required to have some person known
to the officers of the bank identify him; and, being identified by
some person known to the officers of the bank, it received the said
check, and advanced thereon the sum of $364.40, and placed to the
credit of the said Beard the sum of $1,000, subject to his check when
the said pension check was paid. On April 14, 1893, the defendant
transmitted the said check to the National Bank of Kansas City, for
collection; and the National Bank of Kansas City, on April 15th,
transmitted said check to the Merchants' National Bank of St. Louis
for collection; and the said last-named bank, on April 17th, pre-
sented the said check to the subtreasurer of the United States, in St.
Louis, Mo., and it was paid by the assistant treasurer of the United
States to the said national bank. The said Merchants' National Bank
remitted the amount of said check to the National Bank of Kansas
City, and the National Bank of Kansas City remitted the amount to
the defendant bank, in the usual course of business. At the date
of discovery of said forgery by the government, and since, the Mer-
chants' National Bank of St. Louis has been in voluntary liquidation,
and the National Bank of Kansas City has been insolvent, and its as-
sets in the hands of a receiver. Afterwards, to wit, on April 26th,
the defendant bank paid to said E. A. Beard the amount remaining
to his credit on deposit in said bank. The United States did not
know that Mary L. Beard was dead at the date of the issuance of
said check, nor until December 19, 1895, and had no intimation or
knowledge concerning the same until that date. The said E. A.
Beard, shortly after the payment of the amount by the said bank,
became, and ever since has been, insolvent.

The questions of law involved in this case have been so often set-
tled, and are so simple, that it would avail nothing for this court to
indulge in any lengthy opinion in regard to it. The issuance of the
check to said Mary L. Beard after she was dead was an act utterly
void, and the check itself was absolutely void, and no act of any one
could breathe into it the breath of life, or make it of any value what-
ever. When the defendant bank took the check from the said Beard,
the grandson of the pensioner, it devolved upon it to know that he
was the legal holder of the said check, and it paid the money out at

its own risk, and peril. This is true of any transaction of a similar nature, and is so held by all courts that have passed upon kindred questions. No laches of the government can be attributed in this case, and cannot possibly afford any defense to the defendant. The loss sustained is by reason of its own neglect in paying the check. It has received from the government of the United States the amount demanded in this suit, and there is no reason in law or equity why it should not be held responsible and reimburse the government in the amount paid out. True it is that, if the bank had known of the forgery prior to the payment of the last thousand dollars, it could have saved itself in that sum, but the government did not know of the forgery. It was in no attitude to know of it. The bank should have known that the indorsement was a forgery, and that the person who presented it was not the legal holder of the check. The government has discharged its full duty by having the party arrested, tried, and sentenced to the penitentiary for this offense. Under the agreed statement of facts and the law of this case, the government is entitled to recover a judgment for the amount claimed in this case, and judgment will be entered accordingly.