**KNY v. MILLER, Alien Property Custodian, et al.**

(Court of Appeals of District of Columbia. Submitted October 13, 1924. Decided November 3, 1924. Motion for Rehearing Denied November 22, 1924.)

No. 4079.

1. **United States ☞110—Cannot be required to pay interest on claim, in absence of statute.**

The United States, on claims made against it, cannot, in the absence of statutory provision requiring it, be subjected to payment of interest.

2. **War ☞12—United States not liable for interest on proceeds of sale of securities by Alien Property Custodian prior to passage of act authorizing payment thereof.**

In action under Trading with the Enemy Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115½a et seq.), and amendments, to recover proceeds of sale of securities sold by Alien Property Custodian, the United States was not liable for interest which had accrued prior to enactment of Act March 4, 1923, § 23.

3. **Constitutional law ☞319—Refusal to pay interest on proceeds of sale of securities sold by Alien Property Custodian held not violative of due process clause.**

Refusal of the United States to pay interest on proceeds of sale of securities by Alien Property Custodian, in absence of statute providing therefor, *held* not violative of due process clause of Const. U. S. Amend. 5.

4. **War ☞12—United States not liable for increment which had accrued on proceeds of sale of securities by Alien Property Custodian prior to passage of act authorizing payment thereof.**

In suit under Trading with the Enemy Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115½a et seq.), and amendments, for proceeds of sale of securities sold by Alien Property Custodian, the United States was not liable for the increment which had accrued on proceeds by reason of reinvestment prior to passage of Act March 4, 1923, § 23.

Appeal from the Supreme Court of the District of Columbia.

Bill by Helene A. Kny, sole executrix of the estate of Richard Kny, deceased, against Thomas W. Miller, as Alien Property Custodian, and another. From that portion of a decree denying part of relief prayed for, complainant appeals. Affirmed, as modified, and remanded.

Richard S. Doyle and Dion S. Birney, both of Washington, D. C., for appellant.

D. H. Stanley, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. Appellant, plaintiff below, a citizen of the United States, sole executrix of the will of her husband, Richard Kny, filed a bill in equity in the Supreme Court of the District of Columbia under the Trading with the Enemy Act of October 6, 1917, 40 Stat. 411 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115½a et seq.), and amendments thereof, to recover the proceeds of the sale of 2,000 shares of stock of the Kny-Scheerer Corporation, seized and sold by the Alien Property Custodian. A decree was entered for the complainant in the sum of $894,395.22, which has been paid in full by the Treasurer of the United States. From that portion of the decree, holding that complainant is not entitled to recover the increment which has accrued upon the proceeds of the sale through investments made by the Secretary of the Treasury of the United States, the present appeal was taken.

The appeal is based upon the contention of complainant that she was entitled to either (a) interest upon the proceeds of the sale of the bonds during the period of their detention from complainant and her testator; or (b) the increment which has actually accrued upon the proceeds by reason of

their investment by the Secretary of the Treasury of the United States.

[1, 2] In the present case, the bonds were sold under the authority of an act of Congress and the money turned into the Treasury of the United States, there to be retained or invested in government bonds or certificates, until the rights of the claimant thereto should be determined. The first question, therefore, is the right of the claimant to demand interest for the use of the money, while it was held in the Treasury of the United States, awaiting the determination of the present litigation. The Trading with the Enemy Act makes no provision for the payment to claimants of interest upon funds which have been wrongfully or mistakenly seized by the government. Nor has there been any appropriation made by Congress for the payment of such interest. It is well settled that the United States, upon claims made against it, cannot, in the absence of statutory provision requiring it, be subjected to the payment of interest. As the court said in United States v. North American Transportation & Trading Co., 253 U. S. 330, 40 S. Ct. 518, 64 L. Ed. 935:

"So rigorously is the rule applied that, in the adjustment of mutual claims between an individual and the government, the latter has been held entitled to interest on its credits, although relieved from the payment of interest on the charges against it. United States v. Verdier, 164 U. S. 213, 218–219. This denial of interest, like the refusal to tax costs against the United States in favor of the prevailing party (Stanley v. Schwalby, 162 U. S. 255, 272; Pine River Logging Co. v. United States, 186 U. S. 279, 296), and the refusal to hold the United States liable for torts committed by its officers and agents in the ordinary course of business (Crozier v. Krupp, 224 U. S. 290), are hardships from which, with rare exceptions (William Cramp & Sons Co. v. Curtis Turbine Co., 246 U. S. 28, 40, 41), Congress has been unwilling to relieve those who either voluntarily deal with the government or are otherwise affected by its acts."

There is no analogy between this case and a case where property is taken by the government under condemnation proceedings; the bonds here seized were not taken upon any theory of condemnation; they were mistakenly taken as the property of an enemy. Provision is made for their recovery, or the proceeds resulting from their sale. The action is based merely upon a claim against the United States for money held by it belonging to the claimant, and in the absence of any statutory authority for the granting of a claim for interest against the government, no power resides in a court to afford relief; this power rests exclusively within the discretion of Congress.

[3] It is urged, however, that to deprive the complainant of either interest or the increment which actually accrued upon the proceeds of said sale, through their investment by the Secretary of the Treasury of the United States, is equivalent to depriving her of her property without due process of law, in violation of the Fifth Amendment to the Constitution of the United States. No constitutional right is infringed by the refusal of the government to pay interest on claims of this sort, in the absence of legislative authority requiring it. Congress, in denying to the courts power to award interest, adheres to the common-law rule that delay or default in payment cannot be attributed to the sovereign. United States v. North Carolina, 136 U. S. 211, 216, 10 S. Ct. 920, 34 L. Ed. 336. We fail to distinguish the present claim from the general class of claims against the government, where the allowance of interest has been denied.

[4] Although no claim for the allowance of interest was prayed for in the bill, or reserved by assignment of error for review in this court, we have considered at some length the matter of the right to recover interest on the claim here involved, for the reason that it disposes, largely of the claim for the increment which was or might have been earned by the investment of the proceeds by the Secretary of the Treasury. The courts make no distinction between the liability of the government for interest, and its liability for increment earned on funds mistakenly or wrongfully withheld from the rightful owner pending the determination of the question of title. The right of recovery, in the absence of statutory authority, is denied.

In the case of United States ex rel. Angarica v. Bayard, 127 U. S. 251, 8 S. Ct. 1156, 32 L. Ed. 159, involving the title to an award paid by the government of Spain to the Secretary of State of the United States, and by him invested in government securities, pending the determination of title, the court on a similar claim to that here presented for interest or earned increment, said:

"That claim, in the present controversy, assumes the shape of a claim for the increment or income alleged to have been actually received by the United States from the

investment of the money for the time it was withheld; but the claim in that respect is not different in character from what it would have been if, instead of being a claim for increment or income actually received by the United States, it were a claim for interest generally, or for increment or income which the United States would or might have received by the exercise of proper care in the investment of the money. The case, therefore, falls within the well-settled principle, that the United States are not liable to pay interest on claims against them, in the absence of express statutory provision to that effect."

Nor have we overlooked the provisions of section 23, of the Act of Congress of March 4, 1923, 42 Stat. 1516, directing the Alien Property Custodian "to pay to the person entitled thereto, from and after the time this section takes effect, the net income, dividend, interest, annuity, or other earnings, accruing and collected thereafter, on any property or money held in trust for such person by the Alien Property Custodian or by the Treasurer of the United States for the account of the Alien Property Custodian, under such rules and regulations as the President may prescribe."

It is unnecessary for us to consider this act, since it is here stipulated by counsel for the government that, under the interpretation placed upon the act by the Attorney General and adopted in similar cases, plaintiff is entitled to recover the net income, interest, annuity, or other earnings, which accrued or were collected between the date of the passage of the act, March 4, 1923, and the date when payment of the principal amount was made to plaintiff.

With this modification, the decree will be affirmed, with costs against the appellant, and the cause remanded for further proceedings not inconsistent with this opinion.