**LANE TIMBER CO. v. HYNSON, Acting Collector of Internal Revenue.**

(Circuit Court of Appeals, Fifth Circuit. February 28, 1925.)

No. 4375.

Internal revenue ⊜⇒9 — Corporation, merely holding land and paying taxes thereon, held not "doing business," or "engaged in business," so as to be liable for capital stock tax.

Corporation, which did nothing but hold title to land, pay taxes thereon, and employ agents to sell same, *held* not "engaged in business," or "doing business," so as to be liable, under Revenue Act Feb. 24, 1919, § 1000, subd. a (1), and subdivision c (Comp. St. Ann. Supp. 1919, § 5980n), for capital stock tax.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Doing Business; Engage.]

Walker, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Suit by the Lane Timber Company against J. H. Hynson, Jr., Acting Collector of Internal Revenue. Judgment for defendant (299 F. 619), and plaintiff brings error. Reversed, and cause remanded.

Nicholas Callan, of New Orleans, La. (J. Blanc Monroe and Monte M. Lemann, both of New Orleans, La., on the brief), for plaintiff in error.

Louis H. Burns, U. S. Atty., of New Orleans, La., for defendant in error.

Before WALKER and BRYAN, Circuit Judges, and CLAYTON, District Judge.

BRYAN, Circuit Judge. This is a suit by the Lane Timber Company to recover back the sums of $112 and $5.60, assessed as a capital stock tax and penalty, respectively, and which it paid to the collector of internal revenue under protest. The tax was assessed for the year ending June 30, 1920.

The plaintiff company was organized in 1906, and at that time acquired the title to about 2,000 acres of land, which it has owned ever since, in Lane and Benton counties, Or. It does not own any other property. It bought another tract in 1907, but sold it during the same year. Its charter authorizes it to "hold in fee or otherwise, receive, lease, purchase, alienate, and convey as well as to mortgage and hypothecate property, real and personal." The objects and purposes for which it was organized, and the general nature of its business as set forth in its charter, include "the buying, selling, holding, and leasing of all real estate, stumpage,

logs, timber, and all kinds of building materials."

By a contract entered into in 1906 the plaintiff employed agents and authorized them to sell its land, and has from time to time, including the year for which the tax was collected, inquired of its agents as to the prospects of a sale. These agents have continuously made efforts to sell, but without success. The plaintiff also has an agent in Oregon upon whom process may be served. It has paid taxes on the land, but has received no revenue from it, maintains no office, and has no employees.

A jury was waived in writing, and the District Judge entered judgment for the defendant.

Revenue Act Feb. 24, 1919, § 1000, subd. a (1), provides: "Every domestic corporation shall pay annually a special excise tax with respect to carrying on or doing business, equivalent to $1 for each $1,000 of so much of the fair average value of its capital stock for the preceding year ending June 30 as is in excess of $5,000." Subdivision (c) of that section contains the provision that the tax so imposed "shall not apply in any year to any corporation which was not engaged in business * * * during the preceding year ending June 30," etc. 40 Stat. 1126 (Comp. St. Ann. Supp. 1919, § 5980n).

Plaintiff contends that it was not engaged in business during that year, and, consequently, that it was not liable for the tax. Whether or not it was so engaged is the only question in the case.

It is defendant's contention that a corporation which does what its charter authorizes it to do is liable for the corporation tax, and that the plaintiff, because it was authorized to hold title to the land, and was doing so with the expectation of selling at a profit, was engaged in business. If a corporation is not engaged in business, it cannot make any difference that what it is doing is authorized by its charter. Owning land is not doing business, nor is paying taxes. Most owners of land, whether corporations or individuals, would be willing to sell at a profit. In our opinion, the mere fact that the plaintiff selected agents who made efforts to sell its land does not render it liable. The corporation tax enacted in 1909 was imposed upon net incomes, while the tax under consideration is imposed upon capital stock. But in each instance the tax is required to be paid by corporations engaged in business, and therefore the question whether liability exists is the same under either statute.

In the Corporation Tax Cases, 220 U. S. 107, 145, 31 S. Ct. 342, 347 (55 L. Ed. 389, Ann. Cas. 1912B, 1312), it is said: "It is therefore apparent, giving all the words of the statute effect, that the tax is imposed not upon the franchises of the corporation irrespective of their use in business, nor upon the property of the corporation, but upon the doing of corporate or insurance business and with respect to the carrying on thereof." And again (p. 150 [31 S. Ct. 348]): "In the present case the tax is not payable unless there be a carrying on or doing of business in the designated capacity, and this is made the occasion for the tax, measured by the standard prescribed." In that case it was also held that the tax of 1909 was not imposed upon property solely because of its ownership.

In McCoach v. Minehill Ry. Co., 228 U. S. 295, 33 S. Ct. 419, 57 L. Ed. 842, the Minehill Company leased its railroad, and ceased to carry on any business in connection with the operation of it; but it received the rental called for by the lease, deposited its money at interest, maintained its office, paid salaries to its officers and clerks, and kept stock books for the transfer of its capital stock, which was bought and sold upon the market. It is there said: "We cannot, however, agree with the contention made in behalf of the government that, because the Minehill Company retains its franchise of corporate existence, maintains its organization, and holds itself ready to exercise its franchise of eminent domain, or other reserved powers, if and when required by the lessee, and ready to resume possession of the property at the expiration of the lease, it is therefore to be treated as doing business, in respect of the railroad, within the meaning of the Corporation Tax Law. * * * In our opinion, the mere receipt of income from the property leased (the property being used in business by the lessee and not by the lessor) and the receipt of interest and dividends from invested funds, bank balances, and the like, and the distribution thereof among the stockholders of the Minehill Company, amount to no more than receiving the ordinary fruits that arise from the ownership of property."

In Von Baumbach v. Sargent Lumber Co., 242 U. S. 503, 37 S. Ct. 201, 61 L. Ed. 460, the earlier cases are reviewed, and the rule for determining whether or not a corporation is engaged in business so as to render itself liable for the corporation tax is stated in the following language: "The fair test to be derived from a consideration of all of them is between a corporation which has reduced its activities to the owning and holding of property and the distribution of its avails and doing only the acts necessary to continue that status, and one which is still active and is maintaining its organization for the purpose of continued efforts in the pursuit of profit and gain and such activities as are essential to those purposes." We are of opinion that this case is ruled by the authorities above cited.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

WALKER, Circuit Judge (dissenting). The purposes for which the plaintiff corporation was organized included "the buying, selling, holding, and leasing of all real estate, * * * and the doing of any and all acts ordinarily pertaining to its business." During the year for which the tax in question was assessed, plaintiff, through agents employed by it, made efforts to sell land it owned, wrote to those agents, requesting statement of prospects of sale, and those agents advertised such land for sale. During that time the corporation did not reduce its activities to owning and holding property and distributing its avails, but, in the pursuit of profit or gain, was engaged in efforts to do what it was organized to do, in activities designed for the accomplishment of some of its corporate purposes. It was doing such acts as ordinarily pertain to the business of selling real estate.

It seems to the writer that the result of applying the test stated in the opinion in the case of Von Baumbach v. Sargent Lumber Co., 242 U. S. 503, 37 S. Ct. 201, 61 L. Ed. 460, is the conclusion that during the year mentioned the plaintiff was so carrying on or doing business as to become liable for the tax in question.