**BLAIR, Commissioner of Internal Revenue, v. UNITED STATES ex rel. BIRKENSTOCK et al.**

(Court of Appeals of District of Columbia. Submitted May 5, 1925. Decided June 1, 1925.)

No. 4296.

1. **Internal revenue ⟨⟩36—Interest held payable on claims for refund of income tax payment according to act in force at time of allowance.**

Under Revenue Act 1921, § 1324 (a) (Comp. St. Ann. Supp. 1923, § 6371⅘j), and article 1940 of Regulations 62, and Revenue Act 1924 (approved June 2) § 1100 (a), and article 1371 of Regulations 65, relating to allowance of interest on claims for refund of income tax payments, and defining term "allowance," when used to indicate close of interest period, where claim for refund of excessive tax payments made in 1920, without protest, was made May 18, 1923, but not allowed until August 12, 1924, after repeal of the act of 1921 by the act of 1924, held, interest on such refund was payable in accordance with the 1924 act from date when taxes were paid.

2. **Internal revenue ⟨⟩36—Acceptance of check for refund of tax held not to bar suit to compel allowance of additional interest on such refund.**

Acceptance of check covering refund of excessive income tax payments and interest thereon, when made under protest that interest allowance was insufficient, held not to bar subsequent suit to compel allowance of additional interest.

3. **Internal revenue ⟨⟩36—Interest on refund of excessive income tax payments held properly required to be computed on overpayments as of dates of payment.**

Interest in excess of that allowed by Commissioner in making refund of income tax payments held properly required to be computed equally on quarterly overpayments as of dates when such respective installments were paid, though payable only to date when commissioner authorized disbursing clerk to make payment.

4. **Mandamus ⟨⟩118—Proper remedy to compel Commissioner of Internal Revenue to allow additional interest on refund of excessive income taxes paid.**

Mandamus held proper remedy to compel Commissioner of Internal Revenue to allow additional interest on refund of excessive income taxes paid.

Appeal from the Supreme Court of the District of Columbia.

Suit by the United States, on the relation of G. Thomas Birkenstock and another, executors of the last will of Margaret Murphy, deceased, against David H. Blair, Commissioner of Internal Revenue. Decree for plaintiffs, and defendant appeals. Affirmed, subject to modification.

Peyton Gordon and V. E. West, both of Washington, D. C., for appellant.

J. C. Peacock and J. W. Townsend, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an appeal from a judgment of the lower court awarding to appellees, who were petitioners below, a writ of mandamus directing the appellant, as Commissioner of Internal Revenue, to allow interest upon a certain refund

of income taxes, in excess of that already allowed by him.

Section 1324 (a) of the Revenue Act of 1921 (Comp. St. Ann. Supp. 1923, § 6371⅘j) provided, inter alia, that upon the allowance of a claim for the refund of income taxes paid interest should be allowed and paid upon the total amount of the refund at the rate of one-half of 1 per centum per month to the date of the allowance. If such taxes were paid under a specific protest, setting forth in detail the basis of and reasons for the protest, the interest should run from the time when the taxes were paid; but, if no protest was made, interest should not begin to run until six months after the filing of a claim for the refund.

Article 1940 of Regulations 62, duly promulgated by the Commissioner under this act, provided that a claim for refund is "allowed," within the meaning of the foregoing provision, when "the Commissioner approves the schedule in whole or in part for transmission to the proper accounting officer for credit or refund."

Section 1324 (a), supra, was specifically repealed by the terms of section 1100 (a) of the Revenue Act of 1924, approved June 2, 1924 (43 Stat. 352). Section 1019 of the latter act, however, provides that upon the allowance of such refunds interest shall be allowed and paid on the amount thereof at the rate of 6 per centum per annum from the date when the taxes were paid to the date of the allowance of the refund. This section applies alike to all such refunds without regard to protest.

Article 1371 of Regulations 65, duly promulgated under this act, readopts the provision that a claim for refund is "allowed," within the meaning of the statute, "when the Commissioner approves the schedule in whole or in part for transmission to the proper accounting officer for credit or refund."

It thus appears that, under the Revenue Act of 1921, a refund of income taxes paid without protest would bear interest only from six months after the filing of the claim for refund; whereas, under the Revenue Act of 1924, such refund, notwithstanding the absence of a protest, would bear interest from the date when the taxes were paid. Under each act the interest would run until the time of the "allowance" of the refund. The income taxes for which the present refund was allowed were paid in the year 1920, without protest, and the question is whether interest should be computed upon it according to the act of 1921, or that of 1924.

The facts in the case are admitted by the pleadings. In the year 1920 the decedent, Margaret Murphy, paid to the collector of internal revenue at Philadelphia the sum of $88,956.92 as her income taxes for the year 1919, payment being made in equal quarterly installments of $22,239.23 each, on April 15, June 16, September 15, and December 15, 1920. Afterwards, on May 18, 1923, she filed a claim with the Commissioner, alleging that the assessment was excessive, and claiming a refund. This claim was duly examined, and on May 19, 1924, the Deputy Commissioner reported an overpayment in the sum of $35,054.85, and recommended the allowance of a "reduction in tax liability" in that amount. On the same day the Commissioner issued an "authorization" to the collector at Philadelphia, notifying him that the amount aforesaid was approved and allowed as a "reduction of tax liability," and directing him to check the item against the accounts of the taxpayer and determine whether the amount of the reduction should be abated in whole or in part, and to make any abatement warranted by the condition of said accounts for the years involved, also to examine all accounts of the taxpayer for other periods, and apply the overpayment as a credit against any taxes due from her, and to report and certify to the Commissioner the net amount refundable to her. This "authorization" was duly received by the collector at Philadelphia, and on June 30, 1924, he reported that he had checked the item in question against the accounts of the taxpayer, and found the sum of $35,054.85 to be the "net amount refundable" in accordance with said reduction.

Afterwards, on August 12, 1924, the Commissioner forwarded an "authorization" to the disbursing clerk, directing him to pay to the claimant the sum of $35,054.85, together with interest in the sum of $1,057.41. The interest was computed under the terms of the Revenue Act of 1921, and accordingly ran from November 18, 1923, which was six months after the filing of the claim for refund. On August 25, 1924, a check for the aggregate sum thus authorized was delivered to the appellees, as executors of the estate of the claimant, and subsequently was cashed by them. At the same time, however, they protested to the collector against the amount of interest thus allowed, and demanded that it be computed under the Revenue Act of 1924, to wit, from the dates of the quarterly payments made by the decedent in the year 1920. When this demand was rejected, the present proceeding in mandamus was begun

to compel the Commissioner to authorize and require the payment of additional interest under the provisions of the latter act. The lower court sustained this claim, and entered judgment accordingly.

[1] We agree with the judgment of the lower court. The record discloses that no finding or order respecting the payment of interest upon the refund was made, or could have been made, by the Commissioner until June 30, 1924, at which time the collector at Philadelphia reported the result of his examination. But before that time Congress repealed section 1324 (a) of the Revenue Act of 1921; consequently the Commissioner was no longer authorized to proceed under it. After the repeal, his sole authority to order the disbursing clerk to pay interest upon such refunds was derived from section 1019 of the Revenue Act of 1924. Consequently the provisions of that section were controlling, and the interest upon this refund should have been computed accordingly.

This conclusion is not inconsistent with the statutory provision that interest upon such refunds shall run until the date of their "allowance," nor does it tend to invalidate the department's regulation that the term "allowance," when used to indicate the close of the interest period, shall signify the date "when the Commissioner approves the schedule in whole or in part for transmission to the proper accounting officer for credit or refund." In the present instance, however, the repeal of the former act, and the enactment of the latter, before the refund in question was paid, or ordered to be paid, necessarily required that the allowance and payment should be made under the latter act.

[2, 3] It is our opinion, furthermore, that the acceptance by the appellees of the check issued to them by the disbursing clerk does not, under the circumstances, bar them from maintaining their present action. We think, also, that the lower court was right in requiring that the increased interest should be computed equally upon the quarterly overpayments as of the dates when the respective installments of taxes were paid. The interest, however, should be computed only to August 12, 1924; that being the date when the Commissioner ordered the disbursing clerk to make payment of the refund.

[4] No question of fact is involved in this case, nor is the appellant required to exercise any discretion when allowing interest upon such refunds. The duty is ministerial only, and is mandatory. Upon the facts in the case, the appellees have no other adequate remedy. They are therefore entitled to a writ of mandamus. Roberts v. Valentine, 176 U. S. 221, 20 S. Ct. 376, 44 L. Ed. 443; Lane v. Hoglund, 244 U. S. 174, 37 S. Ct. 558, 61 L. Ed. 1066; Work v. McAlester-Edwards Co., 252 U. S. 200, 43 S. Ct. 580, 67 L. Ed. 949.

Subject, therefore, to the modification that interest shall be computed only to August 12, 1924, the judgment of the lower court is affirmed, with costs.