INTERNATIONAL SALT CO. v. PHILLIPS, Collector of Internal Revenue.

(Circuit Court of Appeals, Third Circuit. December 10, 1925.)

No. 3334.

Internal revenue ⬤═9—Corporation held not carrying on or doing business, such as to create liability for excise tax on its capital stock.

Holding company, receiving and distributing dividends, indorsing notes of company whose stock it held, and purchasing bonds for retirement or sinking fund purposes, *held* not carrying on or doing business, within Revenue Act 1918, § 1000 (Comp. St. Ann. Supp. 1919, § 5980n), so as to create liability for excise tax on its capital stock.

In Error to the District Court of the United States for the Middle District of Pennsylvania; Charles B. Witmer, Judge.

Suit by the International Salt Company against David W. Phillips, Collector of Internal Revenue. From a judgment for defendant (3 F.[2d] 678), plaintiff brings error. Reversed and remanded.

James H. Torrey, of Scranton, Pa., (Henry B. Twombley, of New York City, of counsel), for plaintiff in error.

Andrew B. Dunsmore, U. S. Atty., of Wellsboro, Pa., A. A. Vosburg, Asst. U. S. Atty., of Scranton, Pa., and A. J. Ward, of Washington, D. C., for defendant in error.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and CLARK, District Judge.

BUFFINGTON, Circuit Judge. Under protest, the International Salt Company of New Jersey paid certain excise taxes to the collector and brought this suit to recover the same. At the trial a jury was waived, the facts stipulated, and the case tried by the judge. The question involved before him and this court is: Was the salt company "carrying on or doing business," within the meaning of section 1000 of the Revenue Act of 1918 (Comp. St. Ann. Supp. 1919, § 5980n). The court below held it was, whereupon this writ of error was sued out.

The salt company was a holding one, its assets consisting of the stocks of subsidiary companies, which were "carrying on and doing business," and paid excise tax for so doing. The only acts the company did, and which are alleged to warrant the imposition of the tax, were as follows: Prior to 1908 it had bought and since owned all the capital stock of the Retsof Mining Company. That company then had outstanding a mortgage issue. Between March 1, 1918, and February of 1919, the salt company bought 10 of such mortgage bonds, and from March 1, 1919, to December 31, 1919, by purchase or exchange, it became the owner of 15 more. During 1920 it made several like purchases, and also exchanged certain of its own bonds for 179 bonds of the Retsof Company. On March 27, 1918, it indorsed a note of $150,000, given by the International Salt Company of New York to the Irving Trust Company, and on September 25, 1918, a like note of $70,000. The maker of the note was one of the subsidiary companies above described, whose entire stock was owned by the plaintiff.

During 1920 the plaintiff received as a dividend from the Retsof Company, as a stock dividend, the entire capital stock of the Avery Rock Salt Company, and in June, 1921, it received from the International Salt Company of New York, as a dividend, a majority of the capital stock of the Detroit Rock Salt Company and the entire stock of the Eastern Salt Company. On March 26, 1919, the plaintiff indorsed the note of a subsidiary company for $86,500, with which the latter bought Liberty bonds. From time to time the plaintiff has, to meet its current expenses, taxes, for the purchase of its own bonds for its sinking fund, or to buy Retsof bonds, had money advanced to it by its subsidiary, the Salt Company of New York. All such advances were repaid by crediting them on the dividends later declared by the latter company on its own stock held by the plaintiff.

Looking on the present case in the light of previous decisions in this and other circuits (McCoach v. Minehill & S. H. R. Co., 228 U. S. 295, 33 S. Ct. 419, 57 L. Ed. 842;

Lewellyn v. Pittsburgh B. L. & E. Railroad Co., 222 F. 177, 137 C. C. A. 617; and Public Service R. Co. et al. v. Herold, 229 F. 902, 144 C. C. A. 184), we feel none of these acts constitute doing business in the purview of the statute. The owning of stock, the receipt and distribution of dividends, the indorsing of the notes of a company whose stock it held, the purchase of bonds for retirement or sinking fund purposes, amount to no more than acts incidental to the ownership of property. They are not the positive, aggressive acts incidental to the active carrying on or doing business for gain, but rather. the receipt of the gains of business capitalized in ownership. Sensing the words in their common everyday meaning, we are of opinion that Congress, however it might treat the gains of this company as income, did not mean to place an excise tax on the capital stock of such a company as one "carrying on or doing business." Its purpose was to put an excise tax on the company really carrying on or doing business, in this case the subsidiary company, and not on the shareholder of the subsidiary, who was in receipt of the profits arising from such acts carrying on or doing of business.

Thus regarding the plaintiff's acts, the judgment below is reversed, and the cause remanded for further procedure.