## UNITED STATES v. THREE FORKS COAL CO.

### (Circuit Court of Appeals, Third Circuit. June 10, 1926.)

### No. 3447.

Internal revenue ☞9—Corporation, whose sole transactions during tax period consisted of buying stock of another corporation and borrowing money to pay therefor and pay its taxes, held not subject to capital stock tax for "doing business" (Revenue Act Feb. 24, 1919, § 1000 [Comp. St. Ann. Supp. 1919, § 5980n]).

A corporation, which during the tax period did none of the business for which it was chartered, and whose sole transactions consisted of the buying of stock of another corporation and borrowing money to pay for the same and pay its taxes, held not subject to the capital stock tax imposed by Revenue Act, § 1000 (Comp. St. Ann. Supp. 1919, § 5980n), on corporations, "with respect to carrying on or doing business."

In Error to the District Court of the United States for the Western District of Pennsylvania; Robert M. Gibson, Judge.

Action at law by the Three Forks Coal Company against the United States. Judgment for plaintiff, and the United States brings error. Affirmed.

For opinion below, see 9 F.(2d) 946.

L. H. Baylies, of Washington, D. C., and W. J. Aiken, Asst. U. S. Atty., of Pittsburgh, Pa., for the United States.

Harry S. Dunmire, of Pittsburgh, Pa., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. This case concerns taxes assessed by the United States against, and collected from, the Three Forks Coal Company, by reason of its "carrying on or doing business," as provided by the Revenue Act of 1918 (Comp. St. Ann. Supp. 1919, § 5980n). That company was incorporated by the state of Ohio, the purposes of its incorporation being the mining and manufacturing and dealing in any and all kinds of ores, minerals, and metals, and acquiring and selling real estate and personal property in the state of Ohio and elsewhere, necessary for the better transaction of the business of the company, and to insure or aid in the carrying out of the general powers of the company. In point of fact the company has done no mining, manufacturing, or dealing in ore, and has never exercised any of its said corporate powers. By virtue of its existence as a corporation of Ohio, it may, under the laws of Ohio, hold the stocks of other corporations organized for the same or similar purposes. Its transactions during the taxing periods in question consisted in exchanging shares of its own stock for those of the Short Creek Coal Company, another Ohio corporation, which was engaged in mining, in buying other such shares of stock, and in borrowing money to make such purchases, to pay taxes, and to maintain its corporate existence. Do these acts constitute the statutory "carrying on or doing business" which subjects it to taxes? The court below held not, and we are of the opinion it committed no error in so doing.

It is, however, contended that a subsequent decision of the Supreme Court, Edwards v. Chile Copper Co., 46 S. Ct. 345, 70 L. Ed. ——, constrained a reversal of such holding. We do not so regard that case. As was said by that court in Von Baumbach v. Sargent, 242 U. S. 504, 37 S. Ct. 201, 61 L. Ed. 460, each taxation case under this statute "must depend, in each instance, upon the particular facts before the court." Recognizing this, the court in the Chile Copper Co. Case said, "The facts are somewhat peculiar," and, enumerating these peculiar facts, which made the Chile Case one sui generis, said: "The activities and situation must be judged as a whole. Looking at them as a whole, we see that the plaintiff was a good deal more than a mere conduit for the Chile Exploration Company. It was its brain, or at least the efferent nerve, without which that company could not move. The plaintiff owned and by indirection governed it, and was its continuing support, by advances from time to time in the plaintiff's [Chile Company] discretion." It suffices to say there were no such peculiar facts in this case. For all that appears in this record, the Three Forks Coal Company's relation to the Short Creek Coal Company was that of any other person or corporation that bought its shares.

Such being the case, it was not taxable under the statute, and we therefore affirm the judgment entered below.