### MONROE TIMBER CO. v. POE, Collector of Internal Revenue.

District Court, W. D. Washington, S. D.
September 27, 1927.

No. 5026.

1. Internal revenue ⬥⇒9(23)—Corporation held not "engaged in business" in one year, but so engaged and subject to capital stock tax in following years (Revenue Act 1921, § 1000 [Comp. St. § 5980n]; Revenue Act 1924 [26 USCA § 223]).

A corporation in 1921 and subsequently owned timber lands held for purposes of sale. In the fiscal year 1921 it did no business except to collect and disburse proceeds of land previously sold. In 1922 it purchased additional land, and in 1923 it sold some of its land. *Held*, that in 1921, it was not "engaged in business," within Revenue Act 1921, § 1000 (Comp. St. § 5980n), or Revenue Act 1924, § 700 (26 USCA § 223 [Comp. St. § 5980n]), but that in 1922 and 1923 it was engaged in business and subject to capital stock tax.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Engage.]

2. Internal revenue ⬥⇒38(15)—Interest at 6 per cent. held allowable on recovery of refund (Revenue Act 1924, § 1019 [26 USCA § 153]).

On suit against the collector of Internal Revenue to recover capital stock tax paid while corporation was not engaged in business, plaintiff *held* entitled to interest at 6 per cent. from the date of payment of the tax, upon the amount paid, under Internal Revenue Act 1924, § 1019 (26 USCA § 153 [Comp. St. § 6371⅚m]).

At Law. Action by the Monroe Timber Company against Burns Poe, Collector of Internal Revenue for the District of Washington. Judgment for plaintiff for part of claim.

Horan & Mulvihill, of Everett, Wash., for plaintiff.

Thos. P. Revelle, U. S. Atty., of Seattle, Wash., and Bertil E. Johnson, of Tacoma, Wash., and Alexander W. Gregg, Gen. Counsel, Bureau of Internal Revenue, and A. George Bouchard, Sp. Atty., Office of General Counsel, Bureau of Internal Revenue, both of Washington, D. C., for defendant.

CUSHMAN, District Judge. Plaintiff cites: Lane Timber Co. v. Hynson (C. C. A.)

4 F.(2d) 666, 40 A. L. R. 1448; Cannon v. Elk Creek Lbr. Co. (C. C. A.) 8 F.(2d) 996; Flint v. Stone Tracy Co., 220 U. S. 145, 31 S. Ct. 342, 55 L. Ed. 389, Ann. Cas. 1912B, 1312; McCoach v. Minehill & S. H. R. R., 228 U. S. 295, 33 S. Ct. 419, 57 L. Ed. 842; Three Forks Coal Co. v. United States (D. C.) 9 F.(2d) 946, affirmed (C. C. A.) 13 F.(2d) 631; United States v. Emery-Bird-Thayer Co., 237 U. S. 28, 35 S. Ct. 499, 59 L. Ed. 825; Lewellyn v. Pittsburgh (C. C. A.) 222 F. 177; Public Service Ry. Co. v. Herold (C. C. A.) 229 F. 902; Beach v. Kerr Turbine Co. (D. C.) 243 F. 706; Blair v. U. S., 55 App. D. C. 376, 6 F.(2d) 679.

Defendant cites: Edwards v. Chile Copper Co., 270 U. S. 452, 46 S. Ct. 345, 70 L. Ed. 678; Von Baumbach v. Sargent Land Co., 242 U. S. 503, 37 S. Ct. 201, 61 L. Ed. 460; International Salt Co. v. Phillips (C. C. A.) 9 F.(2d) 389; David W. Phillips v. International Salt Co., 270 U. S. 639, 46 S. Ct. 353, 70 L. Ed. 774.

[1] Plaintiff sues the collector of internal revenue to recover the capital stock tax paid by it for the three fiscal years, July 1, 1922, and ending June 30, 1925, together with interest on the amounts paid at the rate of 6 per cent. The payment for each fiscal year is made the basis of a separate cause of action. So far as material, the ground of recovery stated by plaintiff is:

"That this plaintiff was not, during the taxable period above referred to, carrying on or doing business, and that its activities were exclusively restricted to the holding of its properties, which consisted entirely of timber land in the state of Oregon, and doing only such acts as were necessary to the maintenance of its corporate existence and the private management of its purely internal affairs."

The statutes applicable provide (section 1000 of the Internal Revenue Act of 1921, 42 Stat. at Large, p. 227, at page 294 [Comp. St. Supp. 1923, § 5980n], and section 700 of the Internal Revenue Act of 1924, 43 Stat. at Large, p. 253 [Comp. St. Supp. 1925, § 5980n (26 USCA § 223)]):

"Every domestic corporation shall pay annually a special excise tax with respect to carrying on or doing business, equivalent to $1 for each $1,000 of so much of the fair average value of its capital stock for the preceding year ending June 30 as is in excess of $5,000, * * * the taxes imposed by this section shall not apply in any year to any corporation which was not engaged in business, * * * during the preceding year ending June 30, nor to any corporation enumerated in section 231."

Section 231 of these acts provides:

"The following organizations shall be exempt from taxation under this title: * * * (12) Corporations organized for the exclusive purpose of holding title to property, collecting income therefrom, and turning over the entire amount thereof, less expenses, to an organization which itself is exempt from the tax imposed by this title. * * *" 42 Stat. at Large, p. 253 (Comp. St. Supp. 1923, § 6336⅛o); 43 Stat. at Large, p. 283 (Comp. St. Supp. 1925, § 6336⅛nn [26 USCA § 982]).

The questions involved are: Whether the plaintiff was or was not engaged in business during each of the three fiscal years intervening between June 30, 1921, and July 1, 1924, those being the years of the statute "preceding" the periods for which the tax was paid.

Plaintiff purchased, in 1906, 1907, and 1908, approximately 8,000 acres of timber land, which it has been holding since about 1912 for purposes of sale. In July, 1922, plaintiff purchased 160 acres of land. In December, 1923, it sold 1,080 acres of land. The purchase in 1922 and the sale in 1923 are sufficient, so far as the second and third causes of action are concerned, to take the case out of the proviso exempting a corporation "not engaged in business."

A business such as that of plaintiff's, in its essence, consists of buying and selling, and whether it was engaged in business during the periods in question depends rather on the character of its transactions than on their amount and volume. Von Baumbach v. Sargent Land Co., 242 U. S. 503, 516 and 517, 37 S. Ct. 201, 61 L. Ed. 460. The fact that the purchase of 160 acres was for a strategic purpose, to enable plaintiff to compel another company to haul plaintiff's timber from its holdings, if desired, does not affect the question. While, in one sense, it may have been a defensive measure, yet the court must conclude that such purchase increased the value of its other holdings, and therefore was, as planned, a shrewd business step. It was an additional investment, tending to increase the value of the other lands.

During the period between June 30, 1921, and July 1, 1922, the only things that can be considered at all in the nature of business transactions by plaintiff were the receipt of payments on a sale theretofore made, and the loaning to its principal stockholder of amounts realized from such sale, together with receipts on account of such loan or loans.

Such acts, while in one sense the engaging in business, are primarily incidental to business theretofore done, and the holding of property theretofore acquired. Flint v. Stone Tracy Co., 220 U. S. 107, 31 S. Ct. 342, 55 L. Ed. 389, Ann. Cas. 1912B, 1312; McCoach v. Minehill & S. H. R. Co., 228 U. S. 295, 33 S. Ct. 419, 57 L. Ed. 842. Plaintiff is entitled to recover on its first cause of action. If the act is construed as imposing such a tax, it would imperil its constitutionality. Flint v. Stone Tracy Co., 220 U. S. 108 at page 148 to 162, 31 S. Ct. 342, 55 L. Ed. 389, Ann. Cas. 1912B, 1312; Pollock v. Farmers' Loan & Trust Co., 157 U. S. 429, 15 S. Ct. 673, 39 L. Ed. 759; Pollock v. Farmers' Loan & Trust Co., 158 U. S. 601, 15 S. Ct. 912, 39 L. Ed. 1108.

[2] Under section 1019 of the Internal Revenue Act of 1924 (43 Stat. at Large, p. 346 [Comp. St. Supp. 1925, § 6371⅚m (26 USCA § 153)]), plaintiff is entitled to recover interest at 6 per cent. from the date of payment of the tax, August 14, 1922, upon the amount paid, $491. Blair v. Birkenstock, 271 U. S. 348, 353, 46 S. Ct. 506, 70 L. Ed. 983; Blair v. United States, 55 App. D. C. 376, 6 F.(2d) 679.