## UNITED STATES v. HOTCHKISS REDWOOD CO.

Circuit Court of Appeals, Ninth Circuit.
April 16, 1928.

No. 5278.

Internal revenue ☞9(26)—Corporation organized solely to own and hold timber land and resell same at a profit, held not subject to capital stock tax; "doing business" (Revenue Acts 1918, 1921, § 1000 [Comp. St. § 5980n]).

A corporation organized for the sole purpose of owning and holding a tract of timber land and reselling the same as a whole at a profit whose activities were limited to maintaining its corporate existence, issuing bonds to take up a prior issue, paying its president and secretary nominal salaries, levying assessments on its stockholders to pay interest and taxes, which employed no agents to negotiate for a sale, and made no sale, except of right of way for a public road to avoid condemnation proceedings, held, not carrying on or "doing business," which subjected it to capital stock tax, under Revenue Acts 1918, 1921, § 1000 (Comp. St. § 5980n).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Doing Business.]

In Error to the District Court of the United States for the Southern Division of the Northern District of California; Frank H. Kerrigan, Judge.

Action at law by the Hotchkiss Redwood Company against the United States. Judgment for plaintiff, and the United States brings error. Affirmed.

Geo. J. Hatfield, U. S. Atty., of San Francisco, Cal. (C. M. Charest, Gen. Counsel, and L. H. Baylies, Atty., Bureau of Internal Revenue, both of Washington, D. C.), for the United States.

Jones & Dall, of San Francisco, Cal. (Esmond Schapiro, of San Francisco, Cal., of counsel), for defendant in error.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. On and prior to June 19, 1919, the Hotchkiss Timber Company, a California corporation, was the owner of approximately 20,000 acres of timber land in Del Norte county, acquired in the year 1906 for the sole purpose of owning and holding the same and reselling as a whole at a profit. The Hotchkiss Redwood Company was organized in 1919, to take over the timber land for the like purpose and to place a new bond issue, which for some reason the old corporation was unable to do. After its incorporation the new company issued bonds in the sum of $550,000, secured by mortgage on its property, and used the proceeds of the bonds to redeem similar bonds issued by the old company and secured by a like mortgage. Since its organization the new company has from time to time levied and collected assessments on its capital stock to pay taxes, interest on its bonded indebtedness, and other necessary charges and expenses; to avoid condemnation proceedings, it sold a strip of land to Del Norte county for highway purposes for approximately $5,000; from November, 1919, to June, 1923, it paid the sum of $50 per month as salary to its secretary, and from July, 1923, to June 30, 1924, the president was paid the sum of $150 per month on account of office expenses; it has at all times maintained its corporate existence, and from time to time has carried on negotiations through its president with prospective purchasers and brokers, looking to the sale of its lands as a whole, but no person or agent has been employed for that purpose, the land has never been advertised for sale, and no part of it has been sold, except the right of way to Del Norte county. Such, in brief, were the activities of the corporation from the time of its organization up to June 30, 1924.

The present action was instituted by the corporation against the United States to recover taxes imposed and collected under the Revenue Acts of February 24, 1919, and November 23, 1921 (40 Stat. 1126; 42 Stat. 294 [Comp. St. § 5980n]), for the tax year ending June 30, 1924, and for the four years immediately preceding. The plaintiff had judgment below, and the United States sued out the present writ of error. The sole question presented for decision is: Was the defendant in error carrying on or doing busi-

ness during the period in question, within the meaning of the Revenue Acts? If so, the judgment should be reversed; otherwise, it must be affirmed.

The mere substitution of one mortgage or one form of indebtedness for another, the levy of stock assessments to pay taxes and interest, the maintenance of corporate existence, the sale of a right of way for a public road to avoid condemnation proceedings, and the payment of nominal salaries to the secretary and president, did not, without more, constitute carying on or doing business, within the meaning of the law. Of course, we must judge the activities of the corporation as a whole; but, if it was not carrying on or doing business because of the activities mentioned, it has done nothing else, and was not subject to the tax, unless, as contended by the government, every corporation organized for the purpose of holding property for gain or profit is doing business, regardless of its other activities.

As said by the Circuit Court of Appeals of the Second Circuit, in Eaton v. Phœnix Securities Co., 22 F.(2d) 497: "We do not think that anything will be gained by an extended discussion of * * * this tangled subject." Suffice it to say that, under the authority of Zonne v. Minneapolis Syndicate, 220 U. S. 187, 31 S. Ct. 361, 55 L. Ed. 428, McCoach v. Minehill & Schuylkill Haven R. Co., 228 U. S. 295, 33 S. Ct. 419, 57 L. Ed. 842, and United States v. Emery, Bird, Thayer Realty Co., 237 U. S. 28, 35 S. Ct. 499, 59 L. Ed. 825, we are of opinion that the defendant in error was not carrying on or doing business during the period in question within the meaning of the law.

Von Baumbach v. Sargent Land Co., 242 U. S. 503, 37 S. Ct. 201, 61 L. Ed. 460, Edwards v. Chile Copper Co., 270 U. S. 452, 46 S. Ct. 345, 70 L. Ed. 678, and Phillips v. International Salt Co., 274 U. S. 718, 47 S. Ct. 589, 71 L. Ed. 1323, are not in conflict with the earlier decisions, although they rather indicate that the rule of exemption will not be extended. See, also, Lane Timber Co. v. Hynson (C. C. A.) 4 F.(2d) 666, 40 A. L. R. 1448; Cannon v. Elk Creek Lumber Co. (C. C. A.) 8 F.(2d) 996; United States v. Three Forks Coal Co. (C. C. A.) 13 F.(2d) 631; Rose v. Nunnally Investment Co. (C. C. A.) 22 F.(2d) 102.

In Lane Timber Co. v. Hynson, supra, the court said:

"It is defendant's contention that a corporation which does what its charter authorizes it to do is liable for the corporation tax, and that the plaintiff, because it was authorized to hold title to the land, and was doing so with the expectation of selling at a profit, was engaged in business. If a corporation is not engaged in business, it cannot make any difference that what it is doing is authorized by its charter. Owning land is not doing business, nor is paying taxes. Most owners of land, whether corporations or individuals, would be willing to sell at a profit. In our opinion, the mere fact that the plaintiff selected agents who made efforts to sell its land does not render it liable."

From 1906 to 1924 the defendant in error and its predecessor in interest owned and held this tract of timber land as their only asset. During that period they made no use of the land, added nothing to it, took nothing from it, engaged in only such narrow activities as are incident to the ownership of property, and it would be going very far to say that such corporations are carying on or doing business within the meaning of a revenue law.

The judgment of the court below is therefore affirmed.