## DRESSER v. UNITED STATES.
### Civ. No. 2332.

United States District Court
N. D. Oklahoma.
April 23, 1949.

Conner, Winters, Lee & Randolph, Tulsa, Oklahoma, for plaintiff.

Whit Y. Mauzy, United States Attorney, Northern District of Oklahoma, Tulsa, Oklahoma, for defendant.

BROADDUS, District Judge.

1. This is an action by Laurence L. Dresser, executor of the estate of his wife, LaVera L. Dresser, deceased, against the United States for the recovery of $2,236.34 additional interest alleged to be due the estate on an overpayment of income tax in the amount of $29,135.74, allowed by the Commissioner of Internal Revenue for the calendar year 1943. More than six months elapsed after filing of a proper claim and the date of payment before the bringing of the suit. The Court

has jurisdiction under 26 U.S.C.A. § 3772 (a) (1) (2) and 28 U.S.C.A. § 1346. .

The Overpayment of Income Taxes.

2. For the calendar year ended. December 31, 1943, LaVera L. Dresser filed with H. C. Jones, Collector of Internal Revenue for the District of Oklahoma, an individual income tax return showing a total tax due of $29,711.49. There was credited against that amount total estimated 1943 tax payments of $27,000 leaving a balance of $2,711.49, remittance for which was submitted with the return received by the Collector on March 15, 1944.

3. The Bureau of Internal Revenue notified LaVera L. Dresser on October 25, 1945, of a proposed overassessment of income tax for the year 1943 and the taxpayer was requested to file a claim. for. refund. Such a claim was filed on February 20, 1947, for the amount of $29,135.74 with interest by the executor of the estate of the taxpayer.

4. Prior to the refund, Mrs. Dresser died on January 13, 1946. The check for the claim was issued thereafter on September 23, 1946, and shortly thereafter forwarded by the Bureau of Internal Revenue at Washington, D. C. to the office of the Collector in Oklahoma City, for delivery to the taxpayer. The check was made payable to the deceased and was for the sum of $33,192.70, of which $29,135.74 was principal and $4,056.96 interest. The usual form letter addressed to Mrs. Dresser, 303 Oklahoma Natural Building, Tulsa, Oklahoma, the address given by the taxpayer on the 1943 return, stating that the check was being held by that office, was mailed by the Collector's office on October 2, 1946. Similar form letters so addressed were mailed, one on October 18, 1946, and one on November 15, 1946, the latter letter requesting that if the taxpayer could not sign a statement on the form letters that the taxpayer was not indebted to the United States that she so advise in order that proper disposition could be made of the check. The other letters were not returned to the Collector's office. This last letter was acknowledged on February 26, 1947, by the attorney for the plaintiff and at the same time the attorney advised

a claim for refund would be filed that day. In this letter of the attorney, the Collector was notified for the first time of the death of Mrs. Dresser.

5. The plaintiff moved into 303 Oklahoma Natural Building in 1937, and maintained an office in that location until July 9, 1946, at which time he moved to the fourth floor of the same building and there remained until September 13, 1946, when he moved his office to the Masonic Building, Tulsa, Oklahoma.

6. The Collector's office is required to return refund checks to the Commissioner of Internal Revenue in Washington, D. C. within ninety days after receipt if delivery has not been effected in such period. The check in question was returned to the Bureau of Internal Revenue on December 13, 1946, the reason assigned therefor being that it had not been possible to locate the taxpayer, the Collector's office having had no reply to the notices regarding the check.

7. The Collector of Internal Revenue in Oklahoma on February 28, 1947, notified the attorneys representing the plaintiff that the check had been returned to the Bureau for safekeeping and that it would be necessary for the executor to write to the General Accounting Office, Washington, D. C. concerning the refund. Under date of May 3, 1947, the Deputy Commissioner of Internal Revenue, by letter, notified the plaintiff's attorneys that the refund check was being held for safekeeping and that the executor should submit an informal claim to the General Accounting Office for the check. The plaintiff forwarded to the General Accounting Office an informal claim for the check on May 13, 1947. The General Accounting Office, on August 28, 1947, requested evidence of the appointment of plaintiff as executor which was furnished and on October 21, 1947, plaintiff was notified that the check had been returned to the Collector for delivery and delivery was then made to the plaintiff. The check delivered was the same as had been issued to LaVera L. Dresser but when delivered it bore the notation, of October 8, 1947, that "payment hereof may be made in the usual manner on the endorsement of Laurence L. Dresser as Executor of the Will of LaVera L. Dresser, deceased.

Lindsay C. Warren, Comptroller General of the United States, by John G. Palcho." The Collector delivered the check to plaintiff on October 21, 1947, and plaintiff cashed it on the same day.

■ 8. The plaintiff was aware of the filing of the income tax return of his wife, it having been filed on a family partnership basis. Upon disallowance of such basis, an additional assessment was made against the plaintiff and the overpayment determined in favor of Mrs. Dresser. He had full knowledge that a refund was due to his wife from the date of the disallowance of the family partnership return basis on or about October 25, 1945, and further, that a refund would be due to his wife. The Income Tax Division of the Internal Revenue Bureau or the Collector's office had no knowledge of the death of Mrs. Dresser until the day heretofore found unless the preliminary notice of the estate tax upon the estate of Mrs. Dresser, deceased, filed with the Collector in Oklahoma City on February 8, 1946, by the plaintiff as executor, and which was returned to him from such office on February 13, 1946, be considered as notice of her death. While it is notice of all matters pertinent to estate taxes it is not notice to the government of income tax matters involving preceding years.

The action is to recover additional interest for the period from the date of the issuance of the check for refund to the date of the delivery of the check to the executor which date the plaintiff executor contends is the first day the refund was paid or payable.

### Conclusions of Law.

■ A. Interest may not be allowed against the United States except where interest has been agreed upon by authorized contractual obligations, or where authorized by an Act of Congress. United States ex rel. Angarica DeLaRua v. Bayard, 127 U.S. 251, 260, 8 S.Ct. 1156, 32 L.Ed. 159; United States v. North Carolina, 136 U.S. 211, 10 S.Ct. 920, 34 L.Ed. 336; United States v. North American Transportation & Trading Co., 253 U.S. 330, 336, 40 S.Ct. 518, 64 L.Ed. 935; Seaboard Air Line Railway Co. v. United States, 261 U.S. 299, 304, 43 S.Ct. 354, 67 L.Ed. 664; United States v. Jackson, 10 Cir., 34 F.2d 241, 73 A.L.R. 316, affirmed 281 U.S. 344, 50 S.Ct. 294, 74 L.Ed. 891; Reed v. Howbert, 10 Cir., 77 F.2d 227; Busser v. United States, 3 Cir., 130 F.2d 537. In the absence of such authority, interest does not run against the government notwithstanding delay or default in payment. Smyth v. United States, 302 U.S. 329, 353, 58 S. Ct. 248, 82 L.Ed. 294, 114 A.L.R. 807; Albrecht v. United States, 329 U.S. 599, 605, 67 S.Ct. 606, 91 L.Ed. 532; United States v. New York Rayon Importing Co., Inc., 329 U.S. 654, 660, 67 S.Ct. 601, 91 L. Ed. 577; United States v. Certain Lands, D.C.E.D.Mo., 61 F.Supp. 199, affirmed 329 U.S. 599, 67 S.Ct. 606, 91 L.Ed. 532; Busser v. United States, supra; Huntley v Southern Oregon Sales, Inc., 9 Cir., 104 F. 2d 153, 154.

■ B. The right to collect interest from the United States is a matter of grace and all the conditions required by the statute before interest is allowed must be performed before any interest is due or paid. Tillson v. United States, 100 U.S. 43, 46, 25 L.Ed. 543; Girard Trust Company v. United States, 270 U.S. 163, 169, 46 S.Ct. 229, 70 L.Ed. 524; United States v. New York Rayon Importing Co., supra; Anglin & Stevenson v. United States, 10 Cir., 160 F.2d 670, certiorari denied 331 U.S. 834, 67 S.Ct. 1514, 91 L.Ed. 1847; Kny v. Miller, 55 App.D.C. 95, 2 F.2d 313; Blair v. United States ex rel. Birkenstock, 55 App.D.C. 376, 6 F.2d 679; United States v. Botany Worsted Mills, 3 Cir., 98 F.2d 880; United States v. Jackson, 34 F. 2d 241, 73 A.L.R. 316, affirmed 281 U.S. 344, 50 S.Ct. 294, 74 L.Ed. 891.

■ C. The applicable statute allows interest upon refunds at the rate of six per cent per annum. Interest is so allowed from the date of the overpayment to a date preceding the date of the refund check not more than thirty days, such date to be determined by the Commissioner, whether or not the check is accepted by the taxpayer after tendered. 26 U.S.C.A. § 3771(a). The statute does not authorize computation of interest to the date of the delivery. Pugh v. Ladner, D.C.E.D.Pa., 52 F.Supp. 604.

D. It is the general rule that the issuance of a check to a deceased person is void and without effect. Bergman v. Avenue State Bank, 284 Ill.App. 516, 1 N.E.2d 432; United States v. Coffeyville First Nat. Bank, C.C.Kan., 82 F. 410; 10 C.J.S., Bills and Notes, § 122. However, that rule has no application to checks issued on the Treasury of the United States to deceased persons. Under the authority of 31 U.S.C.A. § 49 and § 52(f), the Comptroller is authorized to issue regulations governing the procedure for administrative appropriation and fund accounting in the several departments of the government. In keeping with such authority there have long been regulations controlling the payment of a treasury check issued to a deceased person; and under such regulations the check is considered valid so as to permit its payment to the legal representative of the deceased. Title 4, Code of Federal Regulations, Sec. 6.1, et seq., and particularly Sec. 6.2(b), promulgated May 22, 1922.

E. The plaintiff had full knowledge of the overassessment from the time of the notice thereof and of the issuance and time of the issuance to the deceased of the check for payment of the refund; and having such knowledge may not fail to take the steps required for the payment of the treasury check pursuant to the regulations, and thereby impose a greater burden of interest upon the United States. While the doctrine of estoppel has never been applied to claims for interest upon a refund of taxes under such circumstances, it has been applied to the claim for overpayment of taxes. See Ryan v. Alexander, 10 Cir., 118 F.2d 744, 748, certiorari denied 314 U.S. 622, 62 S.Ct. 72, 86 L.Ed. 500; Muir v. United States, 3 F.Supp. 619, 78 Ct.Cl. 150.

The parties concede that there was a miscalculation of interest in the amount of $207.94 and judgment for the plaintiff will be entered in this amount.

Judgment will be entered in accord with these findings of fact and conclusions of law as of this the date of their filing, the 23rd day of April, 1949.