**PUGH et al. v. LADNER, Collector of Internal Revenue.**

No. 17412.

District Court, E. D. Pennsylvania.

Nov. 19, 1943.

MacCoy, Brittain, Evans & Lewis, of Philadelphia, Pa., for plaintiff.

Gerald A. Gleeson, U. S. Atty., and Thomas J. Curtin, Asst. U. S. Atty., both of Philadelphia, Pa., for defendant.

KALODNER, District Judge.

This is a dispute concerning the proper calculation of interest on a federal estate tax refund, where there has been a five months delay in delivery of the refund check.

The Collector of Internal Revenue has filed a motion for an order directing entry of satisfaction of judgment. The Collector asserts that the judgment has now been paid in full with interest, and that the plaintiffs have refused to enter a satisfaction of the judgment. To this motion the plaintiffs filed an answer, setting forth the fact that while the principal amount of the judg-

ment has been paid, the full amount of interest has not been paid. Interest was apparently computed to a date within thirty days of the date of the Government's refund check (in accordance with the provisions of Section 615 of the Revenue Act of 1928, as amended, 28 U.S.C.A. § 284), but there was a delay of approximately five months in the transmission of the check by the Collector to the plaintiffs. This delay was apparently due to the fact that the Collector's records indicated that there was some other outstanding claim against the plaintiffs which might be an offset. Later it appears it was found by the Collector that the said outstanding claim should have been cleared from the Collector's records. It is obvious, therefore, that the delay in the transmission of the refund check to the plaintiffs was not the result of wilful delay or neglect, but apparently was inadvertent, although it may be that the Collector might have been more diligent in investigating the matter and transmitting the check.

The Government's position is that there is no authority under the law for the computation and payment of interest beyond the date set forth in Section 615 of the Revenue Act of 1928, supra, and that since interest was paid up to a period within thirty days of the date of the refund check, no additional interest is due under the law.

The plaintiffs' position is that this Court should construe Section 615 so that the words "date of the refund check" would in effect be considered as the date of delivery of the refund check to the plaintiffs. However, counsel for the plaintiffs do not refer the Court to any specific legal authority for their position.

It is not a question of what would be fair to the plaintiff in the matter of allowance of interest, but rather a strict technical question as to what the statutes allow. The general rule is that interest is not to be allowed against the Government except in a case where the Government has either stipulated to pay interest, or where provision for payment of such interest is expressly made by an Act of Congress. United States v. North Carolina, 1889, 136 U.S. 211, 10 S.Ct. 920, 34 L.Ed. 336; Busser, Adm'r, v. United States, 3 Cir., 1942, 130 F.2d 537.

Section 615 of the Internal Revenue Act of 1928 provides as follows: "(b) In any judgment of any court rendered (whether against the United States, a collector or deputy collector of internal revenue, a former collector or deputy collector, or the personal representative in case of death) for any overpayment in respect of any internal-revenue tax, interest shall be allowed at the rate of 6 per centum per annum upon the amount of the overpayment, from the date of the payment or collection thereof to a date preceding the date of the refund check by not more than thirty days, such date to be determined by the Commissioner of Internal Revenue."

This Act was amended on June 22, 1936, § 808, by adding the following provision: "The Commissioner is hereby authorized to tender by check payment of any such judgment, with interest as herein provided, at any time after such judgment becomes final, whether or not a claim for such payment has been duly filed, and such tender shall stop the running of interest, whether or not such refund check is accepted by the judgment creditor."

Section 614 of the Internal Revenue Act of 1928, Title 26 U.S.C.A. Int.Rev.Code, § 3771, which deals with interest on refunds in general (as distinguished from interest in judgments against the United States), reads very much the same as Section 615. It provides (in part) as follows:

"(a) Rate. Interest shall be allowed and paid upon any overpayment in respect of any internal revenue tax at the rate of 6 per centum per annum.

"(b) Period. Such interest shall be allowed and paid as follows: * * *

"(2) Refunds. In the case of a refund, from the date of the overpayment to a date preceding the date of the refund check by not more than thirty days, such date to be determined by the Commissioner, whether or not such refund check is accepted by the taxpayer after tender of such check to the taxpayer. The acceptance of such check shall be without prejudice to any right of the taxpayer to claim any additional overpayment and interest thereon."

In the case of United States v. Wurts, 1938, 303 U.S. 414, 58 S.Ct. 637, 639, 82 L.Ed. 932, the Supreme Court, in discussing Section 614, quoted from House Report No. 2, 70th Congress, 1st Session, pages 34, 35, containing the Committee Report on the Revenue Act of 1928 as follows: "The principal change made in existing law is that in the case of a refund the interest period now terminates *with the allowance of the refund, a date which often precedes the actual making of the refund* * * *."

In the Wurts case, page 417 of 303 U.S., page 639 of 58 S.Ct., 82 L.Ed. 932, the Supreme Court in discussing the interpretation of another section of the 1928 Revenue Act relating to refunds, quoted from Union Pacific R. Co. v. Hall, 91 U.S. 343, 347, 23 L.Ed. 428, as follows: " 'Congress may well be supposed to have used language in accordance with the common understanding.' "

■■ The language of the statute specifically provides for the computation of interest " * * * to a date preceding the *date of the refund check* by not more than thirty days, * * *." I do not see how there can be read into the statute any meaning which would relate the computation of interest to the date of *delivery* of the refund check, rather than the *date* set forth on the face of the refund check. The language is plain and unambiguous. In the absence of any evidence of wilful neglect or delay, I am of the opinion that the letter of the statute must be followed. It is not necessary in this case to decide whether the construction claimed for the statute by the plaintiffs might be applied in the case of wilful neglect or delay.

The amendment to the Act dated June 22, 1936, wherein the Commissioner is authorized to tender a check in payment of a judgment at any time after the judgment becomes final, and thus stop the running of interest, does not, as I see it, in any manner affect the problem before me. The plaintiffs ask the Court to draw an inference from this amendment that Congress intended that interest be computed down to the date of actual delivery of a refund check. I see no warrant for such an inference, in view of the specific language of Section 615, which relates to the date to be used for the calculation of interest.

■ Counsel for the plaintiffs also call the attention of the Court to the Act of March 3, 1875, as amended March 3, 1933, 31 U.S.C.A. § 227. This Act deals with the allowance of interest where payment of a claim against the United States is withheld by the Comptroller General. I am of the opinion that this statute is not necessarily inconsistent with Section 615 of the Revenue Act of 1928, and to the extent that there may be any inconsistency, Section 615 would govern, since it deals specifically with the payment of interest on refund claims in connection with tax matters, whereas the 1875 Act relates particularly to payments withheld by the Comptroller General rather than payments withheld by the Collector of Internal Revenue.

The motion for an order directing entry of satisfaction of the judgment in this case is granted.

An order may be submitted in accordance with this opinion.