## DRESSER v. UNITED STATES.
### No. 3958.

United States Court of Appeals
Tenth Circuit.

Feb. 21, 1950.

John M. Winters, Jr., Tulsa, Okl., for appellant.

Ellis N. Slack, Special Assistant to the Attorney General, (Theron Lamar Caudle, Assistant Attorney General, Robert N. Anderson and Edward J. P. Zimmerman, Special Assistants to the Attorney General, Whit Y. Mauzy, United States Attorney, Tulsa, Okl., were with him on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

This action was instituted in the United States District Court for the Northern District of Oklahoma to recover additional interest alleged to be due on a refund of overpayment of federal income taxes. Plaintiff has appealed from a judgment in favor of the Government. The facts which are not in dispute are as follows.

LaVera L. Dresser filed her income tax return for the calendar year ending December 31, 1943, showing a total tax due of $29,711.49. On October 25, 1945, the Bureau of Internal Revenue notified her of an overpayment of income taxes for the year 1943, and requested her to file a claim for refund. She died January 13, 1946, without having filed such a claim. The check for the amount of the refund, made payable to LaVera L. Dresser, was issued September 23, 1946, and was forwarded to the office of the Collector in the Oklahoma City office for delivery. On October 2, October 18, and again on November 15, 1946, form letters were sent to LaVera L.

Dresser to her address at 303 Oklahoma Natural Building, Tulsa, Oklahoma, the address given by her on her 1943 income tax return, notifying her that the check was being held in the Collector's office. None of these letters were returned to the Collector's office. The letter of November 15, 1946, requested that if the taxpayer could not sign the statement on the form letter that the taxpayer was not indebted to the United States that she so advise in order that proper disposition could be made of the check. On December 13, 1946, the check, not having been called for, was returned to the Bureau of Internal Revenue, Washington, D. C., as required by statute, together with a notation that it had been impossible to locate the taxpayer, the Collector's office having had no reply to the notices regarding the check.

On February 26, 1947, appellant's attorney acknowledged receipt of the letter of November 15, 1946, and advised that a claim for refund would be filed that day. In this letter the Collector was advised for the first time of the death of the taxpayer. On February 28, 1947, the Collector's office in Oklahoma notified the attorneys of Laurence L. Dresser, executor of the estate of LaVera L. Dresser, deceased, that the check had been returned to the Bureau for safe keeping and that it would be necessary for the executor to write to the General Accounting Office, Washington, D. C., concerning the refund. On May 3, 1947, the Deputy Commissioner of Internal Revenue, by letter, notified appellant's attorneys that the refund check was being held for safe keeping and that the executor should submit an informal claim to the General Accounting Office for the check. The appellant forwarded to the General Accounting Office an informal claim for the check on May 13, 1947. The General Accounting Office, on August 28, 1947, requested evidence of appellant's appointment as executor, which

was furnished on October 21, 1947. Thereupon, appellant was notified that the check had been returned to the Collector and delivery was made to appellant. The delivered check was the same one that had been issued to LaVera L. Dresser, but when delivered bore a notation of October 8, 1947, that "payment hereof may be made in the usual manner on the endorsement of Laurence L. Dresser as Executor of the Will of LaVera L. Dresser, deceased. Lindsay C. Warren, Comptroller General of the United States, by John G. Palcho." The collector delivered the check to appellant on October 21, 1947, and he cashed it on the same day.

The sole question in this case is the date to which interest shall be computed on the refund. Appellant took the position below, as he does here, that interest on the overpayment is to be computed to a period within thirty days preceding October 8, 1947, the date of the endorsement authorizing the payment of the check to appellant as executor of the last will and testament of LaVera L. Dresser, deceased. The trial court, however, agreed with the contentions of the Government that interest was to be computed to a period not more than thirty days preceding September 23, 1946, the date of the check.

Interest ordinarily is not recoverable on an obligation owing by the Government. The right to recover interest must stem either from a contract or from a congressional enactment.[1] Section 3771(b) (2), 26 U.S.C.A., provides for the computation of interest in cases of refunds. It provides that interest shall be computed "from the date of the overpayment to a date preceding the date of the refund check by not more than thirty days, such date to be determined by the Commissioner, whether or not such refund check is accepted by the taxpayer after tender of such check to the taxpayer."

1. United States ex rel. Angarica de la Rua v. Bayard, 127 U.S. 251, 8 S.Ct. 1156, 32 L.Ed. 159; U. S. v. North Carolina, 136 U.S. 211, 10 S.Ct. 920, 34 L.Ed. 336; U. S. v. North American Transportation & Trading Co., 253 U.S. 330, 40 S.Ct. 518, 64 L.Ed. 935; Seaboard Air Line Railway Co. v. U. S., 261 U.S. 299, 43 S.Ct. 354, 67 L.Ed. 664; U. S. v. Jackson, 10 Cir., 34 F.2d 241, 73 A.L.R. 316; Reed v. Howbert, 10 Cir., 77 F.2d 227; U. S. v. Goltra, 312 U.S. 203, 61 S.Ct. 487, 85 L.Ed. 776.

In issuing the check for the refund, interest was computed in accordance with the requirement of the above statute. Had the check been promptly delivered, the amount thereof would concededly have correctly reflected the total amount of the refund. The appellant, however, contends that the original check was void because made to one, then deceased, and that therefore the date of the endorsement on the check authorizing its payment to appellant, the executor of the estate of the original payee, must be considered as the date of the issuance of the check.

■ It is the general rule that a check issued to a deceased person is void. However, the rule does not control checks issued by the Treasury of the United States. 31 U.S.C.A. §§ 49 and 52(f), authorizes the Comptroller to promulgate regulations governing the procedure for administering appropriations and fund accounting in the several departments of the Government. In keeping with such authority, regulations have been promulgated providing for the payment of checks where the payee is deceased.[2] In the case of refund checks, they provide that such checks shall be forwarded directly to the Comptroller General of the United States, General Accounting Office, Washington, D. C., for an endorsement thereon authorizing their payment to the party entitled thereto as assets under the Statutes of the State of the domicile of the deceased. This evidences a congressional intent that such checks shall be considered valid obligations of the Government payable to the legal representative of the estate of the deceased.

■ Had the Collector in Oklahoma City been able to promptly deliver the check to appellant, the executor of the deceased payee, there could be no obligation for any additional interest. The question then is, does the failure to make prompt delivery of the check subject the Government to any additional claim for interest? We think the answer must be in the negative.

Appellant relies strongly on the case of M. J. Whittall Associates v. U. S., 50 F.2d 307, 72 Ct.Cl. 471. We think that case, in any event, is distinguishable upon the facts. There the check was erroneously made payable to one other than the taxpayer entitled to the refund. In the meantime, the erroneous payee had died and his executor had consented in writing to the correction of the check in order that it might be changed and made payable to the one entitled to receive it. Pursuant to such consent, the Comptroller changed the check and made it payable to the new and proper payee. The Court of Claims, in a per curiam opinion, held that the new payee was entitled to interest to a time within thirty days of the date on which the check was made payable to the correct payee.

Here, no new check was issued and no new payee was necessary to the validity of the check. The most that can be said is that there was delay in delivering the check. In Pugh v. Ladner, D.C., 52 F.Supp. 604, it was held that the refusal to deliver a check for five months because of the fault of the Collector, resulting from errors in the Collector's books, did not subject the Government to additional interest for the entire period of time.

It is not necessary to the decision to decide whether negligence on the part of the Collector in Oklahoma City would subject the Government to additional interest, because here there was no negligence. All reasonable steps were taken to effect delivery of the check. It is sufficient to say that if there was negligence in the matter of this refund, it was on the part of appellant. He was the husband of the deceased taxpayer. He knew at all times that she was entitled to a refund. He knew this because he and his wife, the deceased taxpayer, had filed a partnership return which was rejected. This resulted in the assessment of additional taxes against him and resulted in the refund of overpayment to his wife.

■ Appellant contends that the Income Tax Division of the Internal Revenue Bureau of the Collector's Office had knowledge of the death of the taxpayer by virtue of the preliminary notice of the estate tax upon her estate, filed with the Collector in Oklahoma City, February 8, 1946, by ap-

2. See Title 4, Code of Federal Regulations, Sections 6.1 and 6.2.

pellant, as executor of the estate. While the preliminary notice constituted notice of all matters pertaining to estate taxes, it was not notice to the Income Tax Division of the Collector's office of income tax matters involving preceding years.[3]

Affirmed.

3. Angelus Milling Company v. Commissioner, 325 U.S. 293, 299, 65 S.Ct. 1162, 89 L.Ed. 1619.