TRIANGLE CORPORATION

v.

UNITED STATES of America.

Civ. No. H–83–1059 (PCD).

United States District Court,
D. Connecticut.

Sept. 27, 1984.

J. Danford Anthony, Jr., Day, Berry &
Howard, Hartford, Conn., for plaintiff.

Robert A. Brooks, Asst. U.S. Atty., Hart-
ford, Conn., Marilla Lane Ross, Trial Atty.,
U.S. Dept. of Justice Tax Division, Wash-
ington, D.C., for defendant.

## RULING ON MOTION TO DISMISS

DORSEY, District Judge.

Plaintiff, Triangle Corporation (Triangle),
sued to recover interest alleged to be due
on a tax refund, pursuant to Section 6611
of the Internal Revenue Code of 1954 (Title
26, United States Code). Defendant has
moved to dismiss the case for lack of sub-
ject matter jurisdiction. For the reasons
set forth below, defendant's motion is de-
nied.

For the purposes of a motion to dismiss,
the allegations of the complaint must be
construed in the light most favorable to
plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232,
236–37, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90
(1974). The following facts emerge from
the complaint so construed. On March 31,
1983, plaintiff applied for tax refunds total-
ing $818,117.00 for the calendar years
1976, 1977, 1979 and 1980. These claims
apparently were allowed and refunds have
been paid. Plaintiff here claims that inter-
est in the amount of $24,708.71 is due on
these refunds. Plaintiff also claims that
$2,301.75 in interest is due on an amount
that the corporation was to have deposited
on June 15, 1983, for income tax liability
incurred during the calendar year 1982.[1]
Thus, the total interest claimed for the five
years in question is $27,010.46.

The sole issue presented by this motion
is whether the district courts have subject
matter jurisdiction over suits to recover
interest on federal income tax refunds.
Defendant properly contends that, under
the principle of "sovereign immunity," the
United States is immune from suit unless it
has consented to be sued. *See, e.g., United
States v. Testan,* 424 U.S. 392, 399, 96 S.Ct.
948, 953, 47 L.Ed.2d 114 (1975). Such con-

---

1. The Internal Revenue Service (IRS) claimed a
balance due of $67,961.00 for plaintiff's 1982
taxes. On June 15, 1983, Triangle was prepared
to deposit this amount, but was counseled not to
do so by an IRS employee. This amount was,
however, deducted from the amount refunded
to plaintiff on June 20, 1983. For this reason,

plaintiff seeks interest on the $67,961.00 due to
have been deposited on June 15, 1983, even
though it was not actually deposited at that
time. The underlying merits of this claim are
not before the court at this time and only the
narrow question of jurisdiction is presented by
this motion.

sent is found when Congress confers jurisdiction over a particular matter upon the district courts. *See, e.g., United States v. Sherwood,* 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1940). As Congress is found to have clothed district courts with jurisdiction over actions to recover interest on tax refunds, sovereign immunity has been waived.

"The district courts shall have original jurisdiction of *any civil action* arising under any Act of Congress providing for internal revenue ...." 28 U.S.C. § 1340 (emphasis added). Interest on overpayments must be paid a taxpayer meriting a refund. *See* 26 U.S.C. § 6611 (1983). Thus, Section 6611 creates the substantive right to interest and § 1340 provides a forum for enforcement of that right.

Subject matter jurisdiction over this case is also found in 28 U.S.C. § 1346 (1983), which provides:

(a) The district courts shall have original jurisdiction, concurrent with the United States Claims Court, of:

(1) Any civil action against the United States for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal revenue laws ....

Thus, sovereign immunity is waived for suits for the refund of taxes "erroneously or illegally assessed or collected." Defendant contends, however, that interest on a refund does not constitute a sum "collected" within the purview of § 1346(a)(1) and that, therefore, district courts lack jurisdiction over suits to recover the interest on a tax refund.

In *Draper v. United States,* 62–2 U.S. T.C. ¶ 9697 (E.D.Wash.1962), taxpayers sued to recover interest on a deficiency which they had paid and which was later determined to have been excessive. As in

the case at bar, the claim sought only interest on the refund. Jurisdiction was found based on 28 U.S.C. § 1346(a)(1).

Although § 1346(a)(1) does not expressly state that district courts shall have jurisdiction over actions to recover only interest on a refund, it must be so interpreted in order to provide a forum in which to enforce the right provided by Section 6611. Otherwise, the IRS could deny taxpayers interest to which they are entitled by simply refunding the overpayment without interest, and thwart any court action to collect the interest on the jurisdictional challenge made here. The government does not contest the right to interest created by Section 6611, but it offers no suggestion as to the forum in which such right can be enforced. The government cites no authority for its position, nor did the court's independent research uncover any such authority. If neither the district courts nor the United States Claims Court (which has concurrent jurisdiction in tax matters, § 1346(a)(1)) could entertain a suit for interest, then the taxpayer would appear, as plaintiff alleges, effectively to be deprived of the right to interest. Congress, in enacting 28 U.S.C. § 1346(a)(1), could not reasonably have intended to leave taxpayers with no forum in which to enforce the substantive rights granted by Section 6611.

*Citadel Industries, Inc. v. United States,* 314 F.Supp. 245 (S.D.N.Y.1970), like *Draper,* 62–2 U.S.T.C. ¶ 9697, involved a suit for interest alone.[2] The court did not specifically address the issue of jurisdiction, but it assumed subject matter jurisdiction of the claim even though the suit was for interest alone. This *sub silentio* holding lends support for jurisdiction in the district courts to adjudicate claims for interest on tax refunds.

The language of 28 U.S.C. § 1340, in conjunction with the substantive provisions of the Internal Revenue Code which create the right to interest, indicates Congress'

---

**2.** The substantive claim in *Citadel* was based on Section 3771 of the Internal Revenue Code of 1939, which was subsequently reenacted as Sec-

tion 6611 of the Internal Revenue Code of 1954. The latter statute applies to the instant case.

intent to provide a forum to enforce that right and thus waive sovereign immunity by authorizing district courts to hear suits for interest on tax refund payments. To construe the statutes otherwise would emasculate enforcement of the right to interest and thus fail to effectuate the intent of Congress. *See generally Murphy v. United States,* 78 F.Supp. 236 (S.D.Cal. 1948) (suit to collect interest on overpayment pursuant to Section 3771 of the Internal Revenue Code of 1939). If district courts have unchallenged jurisdiction over suits for refunds, incident to which awards of interest are made, it is illogical to argue that there is no jurisdiction over suits to recover only interest incident to the refund.

Defendant's motion to dismiss is denied.

SO ORDERED.