**TRIANGLE CORPORATION**

v.

**UNITED STATES of America.**

**Civ. No. H–83–1059(PCD).**

United States District Court,
D. Connecticut.

Nov. 28, 1984.

J. Danford Anthony, Jr., Day, Berry & Howard, Hartford, Conn., for plaintiff.

Robert A. Brooks, Asst. U.S. Atty., Hartford, Conn., Marilla Lane Ross, Trial Atty., U.S. Dept. of Justice, Tax Div., Washington, D.C., for defendant.

RULING ON MOTION TO
RECONSIDER

DORSEY, District Judge.

In a ruling dated September 27, 1984, and reported at 592 F.Supp. 1316 (D.Conn. 1984), defendant's motion to dismiss this action to recover interest allegedly due on a tax refund, pursuant to 26 U.S.C. § 6611, for lack of subject matter jurisdiction was denied. By letter dated November 5, 1984, defendant requested reconsideration of the

ruling and either dismissal of the action or its transfer to the United States Claims Court. Defendant's motion to reconsider is granted and for the reasons stated below the previous ruling will stand as herein clarified.

The earlier ruling held only that the United States had waived its sovereign immunity for the purposes of suits to recover interest due on federal income tax refunds,[1] and that the district courts have jurisdiction over such actions. After noting that 28 U.S.C. § 1340 is a general grant of jurisdiction over civil actions brought under acts of Congress providing for internal revenue, the ruling followed the authorities in holding that § 1346(a)(1) waives sovereign immunity and thus vests both the district courts and Claims Court with jurisdiction over such matters. *See Draper v. United States*, 62–2 U.S.T.C. ¶ 9697 (E.D. Wash.1962); *Citadel Indust. v. United States*, 314 F.Supp. 245 (S.D.N.Y.1970).

Defendant argues that this court's earlier reading of § 1340 was too expansive and overlooked the Claims Court's jurisdiction over this type of case. We shall address these objections in order.[2]

1. This holding, of course, was limited to actions to recover interest, the payment of which is mandated by § 6611.

2. As a threshold matter, the same issue is presented as in defendant's earlier motion: Whether the district courts have jurisdiction over suits to recover interest due on federal income tax refunds. The instant motion additionally poses the question of whether the court should transfer this case to the Claims Court, which also has jurisdiction under §§ 1346(a)(1) and 1491(a)(1).
   To transfer this case to the Claims Court at this juncture would not simplify the disposition of the case. Neither fairness to the litigants nor considerations of judicial economy weigh in favor of transferring this matter. Therefore, since this court properly has jurisdiction over this action, as previously decided, and in the absence of anything persuasive to the contrary, defendant's proposed dismissal of the case for lack of subject matter jurisdiction or, in the alternative, to transfer the case to the Claims Court must be declined. Implicit in the prior ruling is a choice of jurisdictions found to have been created by Congress. To dismiss this case would deny the taxpayer the choice.

"The great weight of authority establishes that the general grant of jurisdiction contained in 28 U.S.C. § 1340 does not constitute a waiver of sovereign immunity."[3] *Hiller v. United States*, 84–1 U.S. T.C. ¶ 9301 at 83,658 (D.Kan.1984). As § 1340 simply provides a forum for the adjudication of claims arising under the internal revenue laws, without waiving sovereign immunity therefor, defendant's dissatisfaction with the earlier ruling would be proper were § 1346(a)(1) not applicable as the source of the relevant waiver of sovereign immunity.[4] *Draper v. United States*, 62–2 U.S.T.C. ¶ 9697.

Defendant also questions the court's concern in the earlier ruling over the possibility that plaintiff could be deprived of a forum. The jurisdiction of the Claims Court was not questioned, as it was merely held that if *neither the district courts nor the Claims Court* had jurisdiction, then plaintiff would in effect be denied his substantive right to interest. This case involves a sum which has been "erroneously or illegally assessed or collected" within the purview of § 1346(a)(1). *Cf. Draper v. United States*. It follows the district courts and the Claims Court have concurrent jurisdiction over the case,[5]

3. Section 1340 provides that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue ...."

4. Section 1346(a)(1) provides that:
   (a) The district courts shall have original jurisdiction, concurrent with the United States Claims Court, of:
   (1) Any civil action against the United States for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal revenue laws ...."

5. Jurisdiction in the district court under § 1346(a)(1) does not disparage the concurrent jurisdiction of the Claims Court over such matters. Even assuming that the Claims Court has jurisdiction of this matter under the Tucker Act, 28 U.S.C. § 1491(a)(1), "the law is clearly established that the District Courts and the Court of Claims have concurrent jurisdiction over suits for refund of taxes under the Tucker Act ...."

that this court may exercise its jurisdiction over this matter,[6] and that the taxpayer may elect his forum between the alternative jurisdictions created by Congress.

SO ORDERED.

Wilton Chatman-Bey, pro se.

John C. Martin, Ina Strichartz, Asst. U.S. Atty., Joseph E. diGenova, U.S. Atty., Washington, D.C., for defendants.

*Tecon Engineers, Inc. v. United States,* 17 Ct.Cl. 389, 343 F.2d 943, 946 (1965), *cert. denied,* 382 U.S. 976, 86 S.Ct. 545, 15 L.Ed.2d 468 (1966).

**6.** Defendant has drawn the court's attention to the recent case of *New Mexico v. Regan,* 745 F.2d 1318 (10th Cir.1984), to illustrate the wastefulness of litigating a case in an improper forum. This case was not an action for interest due on a wrongfully assessed internal revenue tax and, therefore, is not controlling. There is nothing wasteful, particularly to the taxpayer, in an interest refund suit being heard in the district court.