**TRUSTEES OF the BULKELEY SCHOOL**

v.

**UNITED STATES of America.**

**Civ. No. H 84–980 (JAC).**

United States District Court,
D. Connecticut.

Feb. 18, 1986.

S. Joel Suisman, New London, Conn., for plaintiff.

Joanne Rutkowski, Washington, D.C., W. Philip Jones, Hartford, Conn., for defendant.

## RULING ON MOTION TO DISMISS

JOSÉ A. CABRANES, District Judge:

This matter is before the court on the government's motion to dismiss both counts of the complaint, pursuant to Rule 12(b)(1), Fed.R.Civ.P., on the ground that the court lacks subject-matter jurisdiction over a claim for $54,328.59 in interest on overpaid federal taxes.[1]

### I.

█ The Trustees of the Bulkeley School ("the plaintiff") contends that the court has subject-matter jurisdiction over the first count of the complaint pursuant to 28 U.S.C. § 1346(a)(1), which provides that

[t]he district courts shall have original jurisdiction, concurrent with the United States Claims Court, of ... [a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws[.]

The government counters that 28 U.S.C. § 1346(a)(1) does not grant the federal district courts jurisdiction over claims for interest on tax overpayments. Instead, the government contends that federal district courts may exercise jurisdiction over such claims only pursuant to 28 U.S.C. § 1346(a)(2), which permits federal district courts to consider "any other ... claim against the United States [ ] not exceeding $10,000 in amount." Accordingly, the government argues, any claim for more than $10,000 in interest on overpaid federal taxes can be heard only by the United States Claims Court.

The government has offered no authority for its position either in the legislative history of Section 1346(a)(1) or in the case law interpreting that provision. *New Mexico v. Regan*, 745 F.2d 1318 (10th Cir.1984), the principal case relied upon by the government, was not an action for interest on a tax overpayment in which jurisdiction was alleged under Section 1346(a)(1). Moreover, as the government properly concedes, the court in *Triangle Corporation v. United States*, 592 F.Supp. 1316, *modified*, 597 F.Supp. 507 (D.Conn.1984) (Dorsey, J.), held that 28 U.S.C. § 1346(a)(1) vests the federal district courts with jurisdiction over suits to recover interest on federal tax refunds. *See also Draper v. United States*, 62–2 U.S.T.C. ¶ 9697 (E.D.Wash.1962) (same).

It is clear that the plaintiff is seeking to recover an "internal-revenue tax alleged to have been erroneously or illegally assessed or collected" as is permitted by Section 1346(a)(1). The Congress, by requiring the government to pay interest on tax overpayments, *see* 26 U.S.C. § 6611, implicitly recognized that refunds of taxes overpaid in previous years must be appropriately adjusted to reflect the time value of money. *See generally* M. Graetz, *Federal Income Taxation* 989 (1985) (explaining why "a dollar today is worth more than a dollar tomorrow"). A taxpayer has not received a full refund of "erroneously ... collected" taxes until he has recovered not only the nominal amount of the collection but also an amount of interest that will compensate him for the loss of the use of his money between the time that he paid the tax and the time that he received the refund.[2]

Finally, a contrary result would effectively deprive the federal district courts of jurisdiction over all tax refund suits in which the taxpayer may recover interest in excess of $10,000. It is unlikely that the Congress would have enacted *sub silentio* so significant a restriction on the tax jurisdiction of the federal district courts.

---

1. The plaintiff is seeking interest on a $262,507.55 tax overpayment for the years 1971 through 1982. The government refunded the principal amount of the overpayment, plus interest of $36,109.92, to the plaintiff on October 1, 1983.

2. Of course, the court intimates no view as to whether the plaintiff is entitled to the interest sought in this action.

Accordingly, the motion to dismiss count one of the plaintiff's complaint is hereby denied.

## II.

■ The government has also moved to dismiss the second count of the complaint pursuant to Rule 12(b)(1) on the ground that the government has consented to be sued with respect to allegedly wrongful tax levies only by persons "other than the person against whom is assessed the tax out of which such levy arose." 26 U.S.C. § 7426(a)(1). It is clear that the plaintiff is not such a person.

The plaintiff counters that count two is not "an action for 'wrongful levy'" pursuant to 26 U.S.C. § 7426(a)(1) but instead is "an action for refund of interest collected" where the refund is sought pursuant to the allegations of count one. *See* Memorandum in Support of the Trustee's [sic] of the Bulkeley School's Objection to Motion to Dismiss (filed Oct. 24, 1985) at 5–6.

The plaintiff has failed to demonstrate that count two of its complaint is not merely repetitious of count one. Accordingly, the court, having denied the motion to dismiss count one, hereby strikes count two as redundant pursuant to Rule 12(f), Fed.R. Civ.P. *See, e.g., Quinn v. Straus Broadcasting Group, Inc.*, 309 F.Supp. 1208, 1210 (S.D.N.Y.1970).

### Conclusion

For the reasons stated above, the government's motion to dismiss count one of the complaint is denied. Count two of the complaint is stricken as redundant pursuant to Rule 12(f), Fed.R.Civ.P.

It is so ordered.