## ONAN CORPORATION, Plaintiff,

### v.

## The UNITED STATES, Defendant.

### No. 376–89T.

United States Claims Court.

March 8, 1990.

Mary J. Streitz, Minneapolis, Minn., for plaintiff.

Russell A. Acree, Washington, D.C., with whom was Asst. Atty. Gen., Shirley D. Peterson, for defendant.

### ORDER

MOODY R. TIDWELL, III, Judge:

This case is before the court on defendant's motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(4) of the United States Claims Court. Such a motion requires the court to consider whether, upon the facts as alleged by plaintiff, the com-

plaint states a claim for which this court may provide relief. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Plaintiff seeks interest on a refund for overpayment of federal income taxes. It alleges that it is entitled to interest for the period of time between the date of the refund check and the date plaintiff received the check.

## FACTS

Plaintiff filed an application for a corporate tax refund with the defendant's Internal Revenue Service (IRS) on April 14, 1986.[1] Plaintiff sought to reduce its tax liability for 1982 by carrying back a net operating loss in the amount of $7,806,706.00, and an unused 1985 general business credit in the amount of $1,801,654.00. Plaintiff thereby sought a reduction in its 1982 tax liability in the amount of $5,392,738.00.

Because of the size of the anticipated refund, and pursuant to a recently adopted IRS practice, plaintiff requested that its refund be issued via an electronic funds transfer directly to plaintiff's bank account, rather than by paper check sent through the mail. *See* I.R.S. News Release 85–14, 1985–4 I.R.B. 43. Plaintiff submitted this request on the appropriate IRS Form 8302.[2]

On May 26, 1986, the IRS notified plaintiff that its 1982 tax liability had been reduced in accordance with plaintiff's request. The IRS then failed to issue plaintiff's refund via an electronic funds transfer. Instead, it mailed plaintiff a check dated August 22, 1986 in the amount of $5,623,409.00. This amount included the adjustments that plaintiff had requested plus accrued interest in the amount of $230,671.23.[3] Plaintiff did not receive the check until September 5, 1986.

Plaintiff subsequently filed a claim with the IRS seeking to recover additional interest in the amount of $19,412.32 for the period of time from the date of the refund check, August 22, 1986, until the date plaintiff received the check, September 5, 1986. Plaintiff argued that the IRS' failure to honor its application for a wire transfer of plaintiff's refund resulted in the loss of use of the refund money for fourteen days. Accordingly, plaintiff requested a refund of additional interest in the amount of $19,412.32 calculated at an interest rate of nine percent per annum. The IRS fully disallowed this request by notice on July 6, 1986.

## DISCUSSION

Both parties to this action agree that the relevant provision of the Internal Revenue Code (the Code) governing the payment of interest on an income tax refund is I.R.C. § 6611 (1982). Defendant argues that this provision does not permit payment of interest on a tax refund in excess of the amount prescribed by the statute. Since plaintiff has been paid all of the interest due and required by section 6611, defendant argues, the complaint states no claim upon which relief may be granted. Plaintiff, on the other hand, alleges that it has not been paid all of the interest due and required under section 6611. Furthermore, plaintiff contends that the IRS' choice of the mode and timeliness of the delivery of plaintiff's refund constitutes an abuse of discretion entitling plaintiff to interest beyond the literal requirements of this statute.

Section 6611 provides, in relevant part, that interest on a tax refund shall be paid:

1. The court notes that plaintiff's complaint alleges the date of its filing to be April 14, 1986. Yet, the copy of plaintiff's completed Form 1139, attached to the complaint, shows a filing date of April 10, 1986. The discrepancy, thankfully, is not material to this dispute.

2. The parties have not alleged, and the court will not assume, that the IRS' subsequent failure to honor this request was due to a defect in plaintiff's Form 8302.

3. The court notes yet another discrepancy within plaintiff's filings. Whereas the complaint alleges that the refund check included accrued interest in the amount of $230,671.23, plaintiff's motion in opposition to defendant's motion to dismiss puts this figure at $230,067.23. The court will accept the allegation contained in plaintiff's complaint for purposes of deciding this motion. Although careless, this discrepancy is also not material to resolution of defendant's motion.

"[F]rom the date of the overpayment to the date (to be determined by the Secretary) preceding the date of the refund check by not more than 30 days...." I.R.C. § 6611(b)(2). Section 6611's rather simple formula requires the court to determine what is meant by "the date of the overpayment," and the "date of the refund check." For the purposes of determining the period of interest for a refund based on a net operating loss carryback or an unused business tax credit, I.R.C. § 6611(f) instructs that the date of the overpayment is deemed to be the "filing date." The filing date, in turn, is deemed to be the latest date prescribed for the taxpayer to file its income tax return in the tax year for which the overpayment is claimed. I.R.C. § 6611(f)(3)(A). In this case, the date of the overpayment is deemed to be March 15, 1986. Not surprisingly, the date of the refund check is the date the check was drawn, not the date on which the taxpayer received the check. *See Dresser v. United States*, 84 F.Supp. 993, 995 (N.D. Okla.1949), *aff'd*, 180 F.2d 410 (10th Cir. 1950); *Pugh v. Ladner*, 52 F.Supp. 604 (E.D.Pa.1943). In this case, the date of the refund check is August 22, 1986.

Thus, the period of time for which plaintiff was entitled to accrue interest on its income tax refund was, at the shortest, from March 15, 1986 to a date thirty days prior to the date of the refund check—July 23, 1986. At the longest, the period of interest required by the statute was from March 15, 1986 to the date of the refund check—August 22, 1986. Plaintiff was, as alleged, paid accrued interest in the amount of $230,671.23. Based on the statutorily prescribed interest rates then in effect[4] it appears that plaintiff accrued interest on its overpayment for the period March 15, 1986 to August 20, 1986. This period of interest is comfortably within the bounds of the statute and the discretion of the Secretary. The statute requires no more.

Even were the court to construe "the date of the refund check" as meaning the date that the taxpayer received the check, which the court emphatically does not, plaintiff would have received all that it was due. Plaintiff received the refund check on September 5, 1986. Thus, interest, which had accrued until August 20, 1986, was paid to within sixteen days of the date plaintiff received the refund check. Again, even under this construction of section 6611, the period of interest was well within the requirements of the statute and the discretion of the Secretary.

■ According to the plain and unambiguous meaning of section 6611, plaintiff's complaint states no claim upon which relief may be granted. Plaintiff urges, however, that it is entitled to additional interest under the circumstances of this case because defendant's action or inaction constituted an abuse of its discretion in administering section 6611. In specific, plaintiff asserts two abuses of discretion: (1) the failure to honor plaintiff's properly made request for a wire transfer of its refund; and (2) the failure to timely send the paper check through the mail. The court addresses both of these assertions in turn.

■ Plaintiff's first asserted abuse of discretion is the IRS' failure to honor its request for a wire transfer of its refund. Plaintiff's argument rests on a misperception of the IRS' obligations with respect to its electronic funds transfer policy. The mere fact that the IRS has offered this option to taxpayers does not, of itself, create a right in favor of taxpayers to have the IRS accede to a wire transfer request in every case. The wire transfer policy is not mentioned in any statute or regulation. It is not even made part of a formal Revenue Procedure or Revenue Ruling. Rather, the option was merely made in an IRS news release. I.R.S. News Release 85–14, 1985–4 I.R.B. 43.

Plaintiff asserts that the IRS may not ignore the procedures it announces in a

---

4. I.R.C. §§ 6611 and 6621 permit the Secretary to determine the rate at which interest will accrue on a tax overpayment. The rate in effect for the period March 15, 1986 to June 30, 1986 was 10%. Rev.Rul. 85–169, 1985–2 C.B. 337. Thereafter, at all relevant times, the rate was nine percent. Rev.Rul. 86–59, 1986–1 C.B. 364.

news release. In support of its argument, plaintiff cites the case of *United States v. Heffner,* in which procedures contained in an IRS news releases were given the full force and effect of law, thereby limiting the IRS' discretion to contravene them. *United States v. Heffner,* 420 F.2d 809 (4th Cir.1969). In *Heffner,* the court reversed a conviction for tax fraud on the grounds that IRS investigators had failed to follow an IRS procedure of advising the criminal tax fraud suspect of its privilege to remain silent and retain counsel. *Heffner,* 420 F.2d at 811. Although this procedure had never been stated more formally than in an IRS news release, the court held that the IRS must strictly observe procedures that it had announced. *Id.* The *Heffner* court was applying the doctrine announced by the Supreme Court in *United States ex rel. Accardi v. Shaughnessy,* 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681 (1954). There, the Court held that the Board of Immigration's failure to follow its own policies in a deportation investigation constituted a ground for vacating the order of deportation. *Id.* at 267, 74 S.Ct. at 503.

*Heffner* and *Accardi,* however, are distinguishable from this case. The procedures in those cases were implemented to facilitate existing constitutional due process rights; the wire transfer option in this case was not adopted to further any existing right of taxpayers. The administrative agencies involved in *Heffner* and *Accardi* were required to adopt procedures in order to facilitate independently existing rights; the IRS, in this case, had no obligation to provide the electronic funds transfer option to taxpayers. This court finds it unlikely, at best, that when the IRS announced the option of having a refund issued via an electronic funds transfer, it thereby intended to create a substantive right for which taxpayers would have a remedy of additional interest in the event that the IRS chose not to implement its procedure in a particular case. While the court sympathizes with plaintiff for the loss of interest occasioned by the IRS' failure to honor its request for a wire transfer, this sympathy cannot be converted into a judgment in favor of plaintiff where the plaintiff enjoyed no legal entitlement to have its request for a wire transfer of its refund honored in the first place.

Plaintiff's second asserted abuse of discretion is the IRS' failure to timely mail plaintiff's refund check. Even accepting the truth of plaintiff's allegation that it received the refund check on September 5, 1986, fourteen days after the check was drawn, the court finds that such a short delay could not possibly constitute an abuse of discretion. Plaintiff's allegations that it has received other tax refund checks in the mail in only a few days is to no avail. By previously having mailed refund checks in only one or two days, the IRS hardly warrants that it will do so with every check in the future. A fourteen day period between the date the check was drawn and the date that it was received by the taxpayer is reasonable as a matter of law.

## CONCLUSION

Plaintiff is not entitled to interest on its refund beyond that which has already been paid. Defendant has met the requirements of I.R.C. § 6611 (1982), and plaintiff's complaint states no claim of abuse of discretion upon which relief may be granted. Defendant's motion to dismiss is therefore granted. The Clerk of the court is directed to enter judgment dismissing the complaint accordingly.

IT IS SO ORDERED.