**Margaret E. DOOLIN and Claire Welt, Individually and as Co-executors of the Estate of Thomas J. Doolin, Deceased, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 89–CV–898.**

United States District Court, N.D. New York.

April 20, 1990.

McNamee, Lochner, Titus & Williams, Albany, N.Y., for plaintiffs; G. Kimball Williams, of counsel.

Eugene J. Rossi, Peter A. Sklarew, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

MEMORANDUM–DECISION
AND ORDER

McAVOY, District Judge.

In this taxpayer refund action commenced pursuant to 28 U.S.C. § 1346(a)(1) to recover an overpayment of estate taxes in the amount of $50,000 plus statutory interest under 26 U.S.C. § 6611(a) and (b)(2), the parties have cross-moved for summary judgment regarding the liability of the Internal Revenue Service for interest accruing after March 1986 the point in time when, according to the IRS, the tax-

payer was mailed a check in the amount of $53,361.08 which, it is conceded, the taxpayer never received and on which payment was thereafter stopped. For the reasons that follow, the court grants the government's motion for summary judgment on the merits and dismisses the complaint.

I.

Thomas J. Doolin died on October 23, 1984. On July 17, 1985, an IRS form 4768 ("Application for Extension of Time to File U.S. Estate Tax Return and/or Pay Estate Tax") together with an estimated tax payment of $50,000 (Estate Check No. 93) was sent to the IRS. In January 1986, the estate of Thomas Doolin filed with the IRS Center in Fresno, California an IRS form 706 indicating that no tax was due and claiming a refund of the $50,000 as an overpayment. By IRS audit report issued by the Albany, New York district office on December 2, 1988, and by an estate tax closing letter issued on December 14, 1988, the estate learned for the first time that the IRS agreed that no tax was due and owing. Shortly thereafter, the estate contacted the IRS to inquire about when a refund check would be sent. At or about that time, the estate was informed by the IRS that a refund check had been sent out some two years earlier by ordinary mail. The IRS was then told that the check had never been received which resulted in the estate filing a form 3911 ("Taxpayer's Statement Regarding Refund") with the IRS on January 26, 1989. Thereafter, on July 19, 1989, the estate, not having received any new refund check from the IRS despite due demand, commenced the present action pursuant to 28 U.S.C. § 1346(a)(1) to recover the "$50,000, erroneously, illegally or excessively assessed or collected from the plaintiffs for federal estate tax in respect of the death of Thomas J. Doolin, together with interest as provided by law." Complaint at ¶ 2.

In October 1989, the IRS finally determined that the check it had originally sent out had never been cashed and, thereupon, stopped payment on it. The IRS does not dispute that plaintiffs are entitled to the principal amount of $50,000; the parties part company, however, on the issue of interest. The IRS contends that it is liable only for interest running from the date of the overpayment to some point less than 30 days prior to the March 1986 date of the original check, that is, some $3,361.08. To this end, the IRS notes that a second check, authorized to be issued on March 6, 1990, was, according to plaintiffs' counsel, received by plaintiffs' counsel on or about March 13; that check was for the amount of $53,361.08, the amount of the original check. Plaintiffs argue that they are entitled to statutory interest running from the time the original check was allegedly sent to a point in time not more than 30 days prior to the issuance of the new check on the grounds that they never received the first check and the IRS has engaged in wrongful conduct (i.e., willful neglect, willful delay) or has created circumstances warranting the payment of the additional interest.

The parties' dispute is before the court on cross motions for summary judgment. As a threshold matter, the court must address the hotly contested matter of subject matter jurisdiction.

II.

A.

■ It is beyond reproach that, under the doctrine of sovereign immunity, the United States is immune from suit unless it has consented to be sued. As was stated by the Supreme Court in *United States v. Testan*, 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1975), "the United States, as sovereign, 'is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Id.* at 399, 96 S.Ct. at 953 (quoting *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941) (citations omitted)); *see also Library of Congress v. Shaw*, 478 U.S. 310, 318, 106 S.Ct. 2957, 2963, 92 L.Ed.2d 250 (1986); *United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 2965, 77 L.Ed.2d 580 (1983). Such consent is found, obviously, when Congress confers jurisdiction over a particular matter upon the district courts.

In this regard, and without undue further elaboration, the court agrees with the courts in *Trustees of the Bulkeley School v. United States,* 628 F.Supp. 802, 803 (D.Conn.1986), and *Triangle Corporation v. United States,* 592 F.Supp. 1316, 1317–1318, *clarified,* 597 F.Supp. 507, 508 (D.Conn.1984), that a federal district court having subject matter jurisdiction over taxpayer refund suits by virtue of 28 U.S.C. § 1346(a)(1) also has subject matter jurisdiction over disputes, perhaps ancillary particularly where the underlying liability has been established and discharged, regarding the interest required by Congress to be paid on tax overpayments under 26 U.S.C. § 6611(a) and (b)(2). In short, the government's attempt to characterize the parties' dispute as solely a suit over a lost check or, in light of further developments, as a suit for statutory interest but in the nature of a suit founded upon an implied contract or for liquidated damages so as to defeat this court's jurisdiction and to require that the parties proceed in the Claims Court is unavailing.

■ That the court has subject matter jurisdiction over the parties' dispute regarding the extent of the liability of the IRS for interest does not, of course, end the matter, although, in the court's view, the degree to which the United States has waived sovereign immunity does have bearing on the degree to which the United States can be held liable. *See United States v. Testan,* 424 U.S. at 399, 96 S.Ct. at 953. In other words, it would seem to the court that, notwithstanding the sympathetic case plaintiffs present, the liability of the IRS is coextensive with the degree to which sovereign immunity has been waived by virtue of the grant of authority given this court by Congress, and the court cannot enlarge upon that waiver and, hence, upon the liability of the IRS. *See Library of Congress v. Shaw,* 478 U.S. at 318, 106 S.Ct. at 2963 (waivers must be strictly construed in favor of the sovereign and courts may not enlarge the waiver beyond what the language requires).

B.

■ Pertinent to the parties' dispute regarding the government's liability for interest after March 1986 is 26 U.S.C. § 6611 ("Interest on overpayments"). That statute provides in part as follows:

(a) Rate.—Interest shall be allowed and paid upon any overpayment in respect of any internal revenue tax at the overpayment rate established under 6621.

(b) Period.—Such interest shall be allowed and paid as follows:

. . . .

(2) Refunds.—In the case of a refund, from the date of the overpayment to a date (to be determined by the Secretary) preceding the date of the refund check by not more than 30 days, whether or not such refund check is accepted by the taxpayer after tender of such check to the taxpayer. The acceptance of such check shall be without prejudice to any right of the taxpayer to claim any additional overpayment and interest thereon.

26 U.S.C. §§ 6611(a) and (b)(2) (1989). As is apparent from the text of the statute and as the Supreme Court observed in *United States v. Wurts,* 303 U.S. 414, 58 S.Ct. 637, 82 L.Ed. 932 (1938), in the case of a refund the interest period "terminates *with the allowance of the refund, a date which often precedes the actual making of the refund....*" *Id.* at 417, 58 S.Ct. at 639 (emphasis supplied) (quoting H.R.Rep. No. 2, 70th Cong., 1st Sess. at 35). The statute does not provide, nor will this court read it to provide, that interest accrues after that period. To the extent that the statute can or should be read to require a certain "act" on the part of the IRS to render the period circumscribed by the statute operable, all that is required of the IRS is that the check be tendered. Actual receipt of the check is not required and interest does not accrue until the date of delivery, i.e., tender. *See Pugh v. Ladner,* 52 F.Supp. 604, 606 (E.D. Pa.1943).

In the present case, the government has established through documentary evidence describing the procedures under which the IRS Regional Financial Center issues U.S. Treasury checks that a computer-generated refund check (No. 52759975) was, on March 17, 1986, directed to be issued to plaintiffs—to be mailed to them at the Albany,

New York address provided by them—and machine-enclosed in a window envelope on March 18, 1986 for direct delivery to the U.S. Post Office in the same building in which the refund check had been computer-generated. *See* Declaration of Abbie Loftus–Boland, Acting Regional Director of the Financial Management Service of the United States Department of Treasury (explaining documentary evidence detailing IRS procedures attached thereto); Declaration of Cheryl Letson, IRS Court Witness Program Supervisor (explaining documentary evidence detailing IRS procedures attached thereto). In short, the government has demonstrated tender. Although plaintiffs would have it otherwise, there is no requirement, nor is there any justification for the court to impose one, that the IRS follow up on the tender of a refund check to render the statutory interest period operable. To the extent that courts in dicta have queried whether willful neglect or delay on the part of the IRS in the delivery of a tax refund check may warrant an award of interest beyond that authorized by the statute, *see Dresser v. United States*, 180 F.2d 410, 412 (10th Cir.1950), *aff'g*, 84 F.Supp. 993 (N.D.Okla.1949); *Pugh v. Ladner*, 52 F.Supp. at 606, suffice it to say that the IRS was not negligent, willfully or otherwise, nor did it engage in willful delay, as regards the issuance and tender of the original check. Claiming such wrongful conduct on the part of the IRS, plaintiffs focus on the behavior of the IRS well after the issuance of the original check. To be sure, the IRS is not to be commended for the manner in which it handled plaintiffs' claim for a replacement check, and the court recognizes that plaintiffs' dealings with the IRS were less than pleasant. Nevertheless, given the court's jurisdiction as limited by 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 6611(b)(2), the court in this taxpayer refund action is without authority to expand on the waiver of the immunity from suit and liability of the IRS. In short, the parties' course of dealings from December 1988 to the present are simply not pertinent to the determination this court must make under 26 U.S.C. § 6611(b)(2). The court must abide by the rule that interest may not be allowed against the government except where and to the extent authorized by Congress. *See Library of Congress v. Shaw*, 478 U.S. at 318, 106 S.Ct. at 2963; *see also Dresser v. United States*, 84 F.Supp. at 995 (citing cases). (As an aside, although as held above this court has subject matter jurisdiction, as vigorously asserted by plaintiffs, pursuant to 28 U.S.C. § 1346(a)(1), the court queries whether plaintiffs would not have been better off litigating this dispute in the Claims Court pursuant to the grant of authority, and the waiver of sovereign immunity, contained in 28 U.S.C. § 1346(a)(2).)

III.

In sum, upon a determination that the court has subject matter jurisdiction over the parties' dispute, the court denies plaintiffs' motion for summary judgment, grants the government's motion for summary judgment and dismisses the complaint.

IT IS SO ORDERED.